UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT AT CINCINNATI

------------------------------------X

KRISTEN BECKER f.k.a. KRISTEN STITSINGER
8509 Forest Valley Dr.,
Cincinnati, Ohio 45247,

    and

FREDERICK STITSINGER
1285 Morman Rd.,
Hamilton, Ohio 45013,

CASE NO. 20-cv-00346 (DRC)

DECLARATION OF PENNYMAC
LOAN SERVICES, LLC IN
SUPPORT OF MOTION TO
DISMISS

                          Plaintiffs,

    -vs-

PENNYMAC LOAN SERVICES, LLC,
s/a CT Corporation System,
1300 East Ninth Street,
Cleveland, Ohio 44114,

                          Defendants.
------------------------------------X

      Johnny Morton, pursuant to 28 U.S.C. 1746 hereby declares under penalty of perjury as follows.

      1.    I am a Foreclosure Operations Supervisor at PennyMac Loan Services, LLC ("PLS").  As a Foreclosure Operations Supervisor of PLS, I am duly authorized to make this affidavit on behalf of PLS.

2. I submit this Declaration in support of PLS's motion to dismiss plaintiffs Kristen Becker f/k/a Kristen Stitsinger and Frederick Stitsinger's ("Plaintiffs") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedue, together with such other and further relief as this Court may deem just and proper.

### BUSINESS RECORDS AND BASIS OF KNOWLEDGE

3. As part of its regular business practices and record keeping system, PLS maintains a computer database (the "Loan Records") of acts, transactions, payments, communications, escrow account activity, disbursements, events, and analyses (the "Loan Transactions") with respect to the mortgage loans which PLS services. The matters in the Loan Records are entered by persons with knowledge at the time of the transaction, occurrence, or event referred to therein, or were made within a reasonable time thereafter and are maintained in the ordinary course of PLS's regular business activity of mortgage servicing and reflect regularly conducted business practices of mortgage servicing. All individuals maintaining PLS's business records are under a business duty to maintain accurate records.

4. I have access to the Loan Records maintained with respect to the loan of Plaintiffs. The statements made in this Declaration are based on my personal knowledge, which is obtained through my review of PLS's business records made in the ordinary course of business.

5. I have reviewed the Loan Records for Plaintiffs' loan, which reflect that PLS currently services the Plaintiffs' mortgage loan under the Note and Mortgage referenced herein and, in that capacity, is responsible for the day-to-day management of the account and for maintaining the servicing records related to that loan.

136044.01283/7461988v.1

6. The Loan Records reflect that the servicing rights to the subject loan were transferred from NVR Mortgage Finance, Inc. ("NVR Mortgage") to PLS, effective April 1, 2015 (the "Welcome Letter"). PLS notified Plaintiffs of the service release of the subject loan in the Welcome Letter, dated February 23, 2015. Annexed hereto as **Exhibit 1** is a true and correct copy of the Welcome Letter.

7. PLS received servicing documents and information related to the Plaintiffs' loan from NVR Mortgage (the "NVR Mortgage Documents").

8. It is part of PLS's regular course of business to accept and incorporate prior servicer records, such as the NVR Mortgage Documents, into PLS's records when a loan is transferred. Accordingly, the NVR Mortgage Documents were reviewed by PLS and incorporated into PLS's record keeping system, so that it could continue to service the Plaintiffs' loan. The Loan Records include the NVR Mortgage Documents. PLS routinely relies upon the NVR Mortgage Documents incorporated into PLS's business records as a matter of practice in continuing to service the subject loan. The NVR Mortgage Documents were provided to PLS in the normal course of business. It is the normal course of business for a successor servicer to receive and rely on the business records of a prior servicer.

## THE MORTGAGE LOAN

9. The Loan Records reflect that on February 6, 2015, Plaintiffs borrowed the principal sum of $244,064.0 (the "Loan") from NVR Mortgage. The Loan is memorialized in a Note in the principal amount of $244,064.00, dated February 6, 2015, which was executed by Plaintiffs (the "Note"). A true and correct copy of the Note is annexed hereto as **Exhibit 2**.

10. The Loan Records reflect that as security for the Note, Plaintiffs and co-mortgagor Barbara S. Stitsinger executed a mortgage, dated February 6, 2015 (the "Mortgage"),

in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for NVR Mortgage thereby encumbering a parcel of real property located at 8509 Forest Valley Drive, Cincinnati, Ohio (the "Property"). A true and accurate copy of the Mortgage is annexed as **Exhibit 3**.

11. The Loan Records reflect that the original Note was transferred to and deposited with PLS. The transfer of Plaintiffs' Loan was made public pursuant to an assignment of mortgage recorded with the Hamilton County Recorder's Office. True and correct copies of the assignments are annexed hereto as **Exhibit 4**.

### PLS MAILED ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENTS

12. The Loan Records reflect Plaintiffs' executed an Initial Escrow Account Disclosure Statement dated February 6, 2015 the ("Initial Escrow Disclosure"). A true and correct copy of the Initial Escrow Disclosure is annexed hereto as **Exhibit 5**.

13. The Loan Records reflect PLS sent Plaintiffs the Annual Escrow Account Disclosure Statement, dated February 17, 2016 (the "2016 Disclosure"). A true and correct copy of the 2016 Disclosure is annexed hereto as **Exhibit 6**.

14. The Loan Records reflect PLS sent Plaintiffs the Annual Escrow Account Disclosure Statement, dated February 14, 2017 (the "2017 Disclosure"). A true and correct copy of the 2017 Disclosure is annexed hereto as **Exhibit 7**.

15. The Loan Records reflect PLS sent Plaintiffs the Annual Escrow Account Disclosure Statement, dated February 14, 2018 (the "2018 Disclosure"). A true and correct copy of the 2018 Disclosure is annexed hereto as **Exhibit 8**.

16. The Loan Records reflect PLS sent an Escrow Account Disclosure Statement, dated September 10, 2018 ("Additional Disclosure"). A true and correct copy of the Additional Disclosure is annexed hereto as **Exhibit 9**.

17. The Loan Records reflect PLS sent an Escrow Account Disclosure Statement, dated June 26, 2019 ("2019 Disclosure"). A true and correct copy of the 2019 Disclosure statement is annexed hereto as **Exhibit 10**.

18. The Loan Records reflect PLS sent an Escrow Account Disclosure Statement, dated May 5, 2020 ("2020 Disclosure"). A true and correct copy of the 2020 Disclosure statement is annexed hereto as **Exhibit 11**.

## PLAINTIFFS' ESCROW DISPUTE

19. The Loan Records reflect that on May 24, 2019, Becker sent a notice of error ("NOE") to PLS alleging that PLS failed to bring Becker current after receipt of the $4,980.00 payment in August 2018 and imposed improper fees, including late fees, property inspection fees and forced-place insurance, on the Loan. A true and correct copy of the NOE is annexed hereto as **Exhibit 12**.

20. The Loan Records reflect that PLS sent an acknowledgement letter to Becker's counsel, dated June 6, 2019. *See* **Exhibit 13**.

21. After an internal investigation, PLS responded to the NOE by letter, dated July 11, 2019 (the "QWR Response"). *See* **Exhibit 14**. The QWR Response contained a copy of the Mortgage and Loan payment history. (*Id.*).

22. The Loan Records reflect that on November 14, 2019, Becker sent a request for information ("RFI") for "any call recordings and servicing notes related to Becker's August and

September 2018 telephone calls, to [PLS]." A true and correct copy of the RFI is annexed hereto as **Exhibit 15**.

23. The Loan Records reflect that PLS sent an acknowledgement letter to Becker's counsel, dated December 2, 2019. *See* **Exhibit 16**. PLS sent a formal response to Becker's counsel on January 10, 2020. *See* **Exhibit 17**.

### PLAINTIFFS' DEFAULT UNDER THE LOAN

24. The Loan Records reflect that Plaintiffs made partial payments under the Loan. A true and correct copy of the payment history is annexed hereto as **Exhibit 18**. True and correct copies of the partial payment letters sent to Plaintiffs are annexed hereto as **Exhibit 19**.

25. Thus, the Loan Records reflect Plaintiffs' Loan is due for the March 1, 2020 payment.

**WHEREFORE**, PLS respectfully requests that this Court grant its motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: May 26, 2020

PENNYMAC LOAN SERVICES, LLC

By: _____
Name: Johnny Morton
Title: Foreclosure Operations Supervisor

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2019, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ *John R. Wirthlin*
John R. Wirthlin