# EXHIBIT 12

     Illinois  |  New Jersey  |  New York  |  Ohio     

Dann Law

216-373-0539  
Telephone

Notices@DannLaw.com  
Email

216-373-0536  
Fax

May 24, 2019

PennyMac Loan Services, LLC  
Attention: Correspondence Unit  
PO Box 514387  
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0672 3954]*

**In the Matter of:**

    Borrower's Name:          Kristen Stitsinger  
    Property Address:         8509 Forest Valley Drive, Cincinnati, OH 45247  
    Last Four (4) Digits SSN:    4835

**\*\*If responding to this correspondence by e-mail, please send to [notices@dannlaw.com](notices@dannlaw.com)**

**Re:** **Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to properly respond to requests for information as required by 12 C.F.R. § 1024.36(d)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). The written authority of the above-referenced borrower (the "Borrower") for this notice to our law firm is enclosed and incorporated herein by this reference.

You must send written notice acknowledging receipt of this notice *within five (5) business days* thereof. Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), you must send your response to this notice *within thirty (30) business days* of receipt thereof.

**Background Information:**

PennyMac has serviced the Loan since February 23, 2015.

On or about February 14, 2018, PennyMac sent an Escrow Account Disclosure Statement to the Borrower stating that the Borrower's monthly escrow payment was to increase from $389.03 to $753.56 and that there was an escrow shortage on the account in the amount of $7,035.66.

---

Mailing Address:  
PO Box 6031040  
Cleveland, OH 44103

DannLaw.com  
877-475-8100

May 24, 2019
Page 2



The Borrower was confused as to why there was such a large shortage or why her payment would increase so drastically, so she attempted to discuss this matter with PennyMac and the Hamilton County Auditor via telephone.

As the Loan was for the construction of a new home, the Borrower originally paid taxes on just the land through their escrow account. The county reassessed the property, however, in or around March 8, 2017, which change the taxable value of the property from $47,030 to $256,910 and altered the taxes due accordingly. The Borrower did not fully discover this until August 2018.

Upon contacting PennyMac, a representative informed the Borrower that she would be brought current through the end of August 2018 if she submitted $4,900. In reliance upon PennyMac's promises and assurances, the Borrower remitted the $4,900 payment and PennyMac cashed and accepted the funds on or about August 10, 2018.

The Borrower phoned PennyMac on or about August 31, 2018 to see what her new monthly payment amount would be upon the reinstatement and payment of outstanding amounts. PennyMac, however, informed the Borrower in contradiction to their prior assurances that she was still roughly $5,000 past due. PennyMac, through a representative named "Wensus", further informed the Borrower that the $4,900 accepted on August 10, 2018 was applied incorrectly, and that a June payment was also applied incorrectly. She was informed via a voicemail from a supervisor named "Ida" that PennyMac would make all necessary corrections and call the Borrower back, but the Borrower never heard from anyone.

The Borrower called again on or about September 4, 2018 and spoke to a representative named "Clay" who stated that he could not provide any information as to the amount of her payment and that adjustments on the account were still pending. Clay set up an appointment to call the Borrower at 2:00 p.m. on September 7, 2018 but did not call until hours later leading the Borrower to miss said call.

The Borrower called PennyMac again on or about September 10, 2018 and spoke to a collections representative named "Darion" who stated that the Borrower owed $7,268.74 in past due amounts and a letter of intent to foreclose had been sent to the Borrower. Darion transferred the Borrower to an individual named "Shena" who stated that the payments would be $1,951.50, which would be back-dated four months to reduce the past due amount by $2,400. No one was able to inform the borrower where the past due amounts arose from despite the Borrower making all her payments since the allegedly being "brought current" as of August 10, 2018.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to deem the Borrower current after paying the amount demanded for the same:**

As stated, *supra*, the Borrower was informed in August 2018 that if she remitted $4,900, she would be brought current on the Loan. The Borrower remitted this payment in reliance upon PennyMac's promises and assurances and PennyMac cashed and accepted the funds on or about August 10, 2018. Despite such, the Borrower was not brought current on the Loan and was later informed on or about August 31, 2018, that the Loan was past due in the amount of roughly $5,000.

May 24, 2019
Page 3



PennyMac's actions, in failing to deem the Borrower current after remitting the necessary amounts demanded, constitute a clear, distinct, and egregious error pursuant to 12 C.F.R. § 1024.35(b)(11).

This error has and continues to cause real, legitimate harm to the Borrower including her being placed into a rolling delinquency and being charged each month for late fees and/or charges during such delinquency. This is not an exhaustive list of the damages the Borrower has suffered but is more so to place PennyMac on notice that their improper actions have had a lasting, profound, and tangible negative impact on the Borrower's life.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(5) for imposing fees for which a servicer had no reasonable basis to impose:**

12 C.F.R. §1024.35(b)(5) provides that it is an error to impose a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer. Comment 2 of the Official Interpretations of the Consumer Financial Protection Bureau to 12 C.F.R. § 1024.35(b)(5) expressly states that a servicer lacks a reasonable basis to impose fees that are not bona fide, such as:

  i. A late fee for a payment that was not late;
  ii. A charge imposed by a service provider for a service that was not actually rendered;
  iii. A default property management fee for borrowers that are not in a delinquency status that would justify the charge; or
  iv. A charge for force-placed insurance in a circumstance not permitted by § 1024.37.

The Borrower was informed in August 2018 that if she remitted $4,900, she would be brought current on the Loan. The Borrower remitted this payment in reliance upon PennyMac's promises and assurances and PennyMac cashed and accepted the funds on or about August 10, 2018. Despite such, the Borrower was not brought current on the Loan and was later informed on or about August 31, 2018, that the Loan was past due in the amount of roughly $5,000.

Each charge or fee that constitutes or is part of this $5,000 is improper. The Borrower remitted the payments demanded by PennyMac as of August 10, 2018 and should have been deemed current as of such date. Moreover, the only fees or charges imposed against the Loan from that point forward should have been those due for principal, interest, and escrow coming due each month.

The Borrower timely remitted monthly payments on the Loan from September 2018 through the present in the amount instructed by PennyMac, through Shena, or in an amount in excess of such. As such, the Loan should always have been current since August 10, 2018.

Despite such, PennyMac has continued to claim that the Loan was in delinquency and/or default and has imposed numerous fees for default related issues including "Property Inspection Fees" of in the amount of $15.00 each on:

May 24, 2019
Page 4



      a. October 5, 2018;
      b. October 26, 2018;
      c. November 28, 2018;
      d. January 15, 2019;
      e. January 24, 2019; and,
      f. February 11, 2019.

Upon information and belief, PennyMac has imposed numerous other such fees on the Loan and against the Borrower since August 10, 2018, each of which would be a clear, distinct, and separate error pursuant to 12 C.F.R. § 1024.35(b)(5).

PennyMac's actions, in imposing any fees other than those for amounts coming due and owing for monthly amounts of principal, interest, and escrow, as further described *supra*, for which PennyMac had no reasonable basis to impose, **_constitute a significant number of, but no less than seven (7), clear, distinct, and egregious errors_** in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(5), one (1) such error for each improper fee imposed.

These errors have and continue to cause real, legitimate harm to the Borrower including her being placed into a rolling delinquency and being charged each month for late fees and/or charges during such delinquency. This is not an exhaustive list of the damages the Borrower has suffered but is more so to place PennyMac on notice that their improper actions have had a lasting, profound, and tangible negative impact on the Borrower's life.

**Conclusion and Requested Actions:**

PennyMac has committed a significant number of clear, distinct, and egregious errors in the servicing of the Loan pursuant to 12 C.F.R. §§ 1024.35(b)(5) and (11) as described, *supra*.

The Borrower demands that you immediately ensure that the Loan is brought current and due and owing only for the upcoming monthly payment of $1,951.50. Please waive any and all fees imposed against the Loan as outlined, *supra*, that PennyMac imposed onward from August 10, 2018. If you have reported negative information to any Credit Bureaus, including but not limited to TransUnion, Equifax, and Experian, since August 10, 2018, take any necessary steps to correct the same.

Further, please remit funds for restitution to the Borrower through our firm in a sufficient amount including but not limited to reimbursement of legal fees and expenses incurred in the preparation and sending of this notice which would not have been necessary but for PennyMac's wrongful and otherwise questionable actions.

Please correct these errors as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, **through our firm**, with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the

May 24, 2019
Page 5



servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---

Mailing Address:
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
877-475-8100

  Illinois | New Jersey | New York | Ohio  

216-373-0539  
Telephone

Notices@DannLaw.com  
Email

216-373-0536  
Fax

In the Matter of:  
Borrower(s): __Kristen Becker (fka Stitsinger)__ and __Fred Stitsinger__

Property Address: __8509 Forest Valley Drive__  __Cincinnati, OH__  __45247__

Mortgage Loan No.: __8002824835__

**Re: Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for __Penny Mac__, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw  
P.O. Box 6031040, Cleveland, OH 44103

Signed: __[signature]__ Date: __05/23/2019__

Print Name: __Kristen Becker (Stitsinger)__

Signed: __[signature]__ Date: __05/23/2019__

Print Name: __Fred Stitsinger__

Mailing Address  
PO Box 6031040  
Cleveland, OH 44103

DannLaw.com  
[877] 475-8100

Doc ID: 27f575d31e8514572c856a8fcf218964db139323

# ▽ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20181115-16-1qpljii.pdf |
| **DOCUMENT ID** | 27f575d31e8514572c856a8fcf218964db139323 |
| **STATUS** | ○ Completed |

This document was requested on app.lexicata.com and signed on dannlaw.lexicata.com

## Document History

**SIGNED**  
05/23/2019  
19:38:13 UTC  
Signed by swilk@dannlaw.com  
IP: 162.254.153.226

**SENT**  
05/23/2019  
19:38:16 UTC  
Sent for signature to Kristen Stitsinger (stitsikl@yahoo.com) from swilk@dannlaw.com  
IP: 162.254.153.226

**VIEWED**  
05/24/2019  
02:44:11 UTC  
Viewed by Kristen Stitsinger (stitsikl@yahoo.com)  
IP: 24.209.7.180

**SIGNED**  
05/24/2019  
02:51:25 UTC  
Signed by Kristen Stitsinger (stitsikl@yahoo.com)  
IP: 24.209.7.180

**COMPLETED**  
05/24/2019  
02:51:25 UTC  
The document has been completed.

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

**CERTIFIED MAIL**

7014 2120 0003 0672 3954

PennyMac Loan Servicing, LLC
Attention: Correspondence Unit
PO Box 541387
Los Angeles, CA 90051

$3.85
US POSTAGE
FIRST-CLASS
071V00929391
44103

