# EXHIBIT 17



**Notice Date:** January 10, 2020

P.O. Box 514387
Los Angeles, CA 90051-4387

**Loan Number:** ▮▮▮▮4835
**Property Address:**
8509 FOREST VALLEY DR
CINCINNATI, OH 45247

| | |
|---|---|
| Requestor: | Dann Law |
| Addressed To: | Whitney E. Kaster |
| Address: | PO Box 6031040 |
| City, State, Zip: | Cleveland , OH 44103 |

---

**ABOUT YOUR LOAN**

This letter is pursuant to your request received on December 23, 2019 for a copy of the Servicing File for the above-referenced loan. The information provided will be as of December 22, 2019.

---

**WHAT THIS MEANS**

As requested, please find enclosed a copy of the following documents:

- Loan Summary

- Loan History

- Communication Call History

- Communication Notes History

- Written Communications to and from Borrower and Authorized Borrower Representative (if applicable)

- Deed of Trust/Mortgage (including applicable Riders)

---

**WHAT YOU SHOULD DO**

No action is required on your part.

---

**QUESTIONS? CONTACT US**

If you have questions, please call our Customer Service Department at (800) 777-4001. Our office hours are 6:00 AM to 6:00 PM, Monday through Friday PST, 7:00 AM to 11:00 AM Saturday PST.

We are required by law to inform you that this communication is from a debt collector and any information obtained will be used for that purpose. However, if your mortgage loan is subject to pending bankruptcy or you have received a discharge in bankruptcy, this letter is for informational purposes and is not an attempt to collect a debt against you personally.

| **Toll Free: (800) 777-4001** | **Website: www.PennyMacUSA.com** | **Payments:** | **Correspondence:** |
|---|---|---|---|
| M – F 6:00am – 6:00pm Pacific<br>Sat 7:00am – 11:00 am Pacific<br>Toll Free Fax: (866) 577-7205 | **Secure Messaging Online:**<br>Create an account and/or log in to<br>http://www.PennyMacUSA.com, then look<br>for the Secured Message Center to<br>communicate with us securely. | **Standard Address:**<br>P.O. Box 30597<br>Los Angeles, CA 90030-0597<br>**Overnight Address:**<br>PennyMac Loan Services<br>Attn: Lockbox Operations<br>20500 Belshaw Ave.<br>Carson, CA 90746<br>**(Please do not send correspondence)** | Attn: Correspondence Unit<br>P.O. Box 514387<br>Los Angeles, CA 90051-4387<br>**(Please do not send payments)** |

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**NEW YORK** - If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1) Supplemental security income (SSI); 2) Social security; 3) Public assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veterans' benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) Ninety percent of your wages or salary earned in the last sixty days. PennyMac Loan Services, LLC is registered with the Superintendent of the New York State Department of Financial Services (Department). You may obtain further information or file a complaint by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting www.dfs.ny.gov.

**NORTH CAROLINA -** Licensed by the North Carolina Department of Insurance. Permit No. 104753 - 6101 Condor Dr., Suite 200, Moorpark, CA 93021. Permit No. 112228 - 14800 Trinity Blvd., Fort Worth, TX 76155. Permit No. 112874 - 3043 Townsgate Rd., Suite 200, Westlake Village, CA 91361. Permit No. 112877 - 2201 West Plano Parkway, Suites 150 and 300, Plano, TX 75075. Permit No. 113746 - 10550 West Charleston Blvd., Suite A, Las Vegas, NV 89135.

**OREGON** - Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (888) 877-4894 or visit http://dfr.oregon.gov.

*This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose. However, if your account is subject to pending bankruptcy proceedings or if you have received a discharge in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt against you personally.*

**Licensing Information**

Equal Housing Opportunity © 2008-2020 PennyMac Loan Services, LLC, 3043 Townsgate Rd, Suite 200, Westlake Village, CA 91361, 818-224-7442. NMLS ID # 35953 (www.nmlsconsumeraccess.org). Trade/service marks are the property of PennyMac Loan Services, LLC and/or its subsidiaries or affiliates. Arizona Mortgage Banker License # 0911088. Licensed by the Department of Business Oversight under the California Residential Mortgage Lending Act. Colorado: Colorado office: 700 17th St, Suite 200, Denver, CO 80202, (866) 436-4766. Georgia Residential Mortgage Licensee #33027. Massachusetts Mortgage Lender License # ML35953. Minnesota: This is not an offer to enter into an agreement and an offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4). Licensed by the N.J. Department of Banking and Insurance. Rhode Island Lender License # 20092600LL. Washington Consumer Loan License # CL-35953. For more information, please visit www.pennymacusa.com/state-licenses. Loans not available in New York. Some products may not be available in all states. Information, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. All rights reserved. (01-2020)

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247



---

**Loan Summary**

The following information is provided within the Loan Summary section:

- Loan Summary
- Loan Type
- Investor Information
- Loan Balances
- Late Charges
- Other Fees Due
- Contractual Payment Breakdown

Information below is as of December 22, 2019.

---

**Loan Overview**

| | |
|---|---|
| **Borrower:** | KRISTEN STITSINGER |
| **Co-Borrower:** | FREDERICK STITSINGER |
| **Phone:** | 9999999999 |
| **Email:** | STITSIKL@YAHOO.COM |
| **Mailing Address:** | 8509 FOREST VALLEY DR |
| | CINCINNATI, OH 45247 |
| **Property Address:** | 8509 FOREST VALLEY DR |
| | CINCINNATI, OH 45247 |
| **Loan Type:** | CONVENTIONAL W/ PMI |
| **Investor:** | FREDDIE MAC |
| **Loan Term:** | 305 months |
| **Amortization Term:** | 305 months |
| **Age of Loan:** | 58 months |
| **Maturity Date:** | March 01, 2045 |
| **Loan Status:** | 30 Days Delinquent |

**Loan Number:** ▮▮▮▮4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

---

| Loan Balances | |
|---|---|

| | |
|---|---|
| **Principal Balance:** | $223,625.40 |
| **Deferred Balance:** | $0.00 |
| **Suspense Balance:** | $283.76 |
| **Escrow Balance:** | $1,996.43 |
| **Delinquent Payment Balance:** | $4,147.10 |
| **Outstanding Late Balance:** | $120.06 |
| **NSF Fees:** | $0.00 |
| **Other Fees:** | $255.00 |
| **Valuation Fees:** | $0.00 |
| **Property Preservation Fees:** | $0.00 |
| **Property Inspection Fees:** | $255.00 |
| **Incurred Foreclosure Fees:** | $0.00 |
| **Incurred Bankruptcy Fees:** | $0.00 |

---

| Total Payment Breakdown* | |
|---|---|

| | |
|---|---|
| **Contractual Monthly Principal and Interest Amount:** | $1,200.65 |
| **Monthly Escrow Amount:** | $872.90 |
| **Total Contractual Monthly Payment Amount:** | $2,073.55 |
| **Late Charge Amount (after grace period):** | $60.03 |
| **Total Contractual Late Payment Amount:** | $2,133.58 |
| **Last Payment Received Date:** | December 16, 2019 |
| **Next Payment Due Date:** | November 01, 2019 |

\* The payment breakdown included in this section is based on the contractual payment required under the Note and Security Instrument.  Please refer to the monthly billing statement for the current payment amount.

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247



---

**Loan History**

The following information is provided within the Loan History section:

- Transaction Dates
- Transaction Descriptions
- Transaction Amounts
- The application of each payment by principal, interest, escrow and suspense

Information below is as of December 22, 2019.

| Date | Description | Trans Amt | Principal | Interest | Escrow | Suspense |
|---|---|---|---|---|---|---|
| September 28, 2017 | Escrow Refund | ($60.07) | $0.00 | $0.00 | $0.00 | $0.00 |
| October 13, 2017 | Payment | $1,760.00 | $374.08 | $826.57 | $559.35 | $0.00 |
| October 13, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| November 10, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| November 14, 2017 | Payment | $1,760.00 | $375.40 | $825.25 | $559.35 | $0.00 |
| December 08, 2017 | Payment | $1,760.00 | $376.73 | $823.92 | $559.35 | $0.00 |
| December 12, 2017 | Hazard Insurance Refund | $722.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| December 12, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 04, 2018 | County Taxes | ($2,703.55) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 08, 2018 | Payment | $1,760.00 | $378.06 | $822.59 | $559.35 | $0.00 |
| January 17, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 31, 2018 | Homeowners Insurance Premium | ($829.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 05, 2018 | Payment | $1,600.00 | $379.40 | $821.25 | $399.35 | $0.00 |
| February 13, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 05, 2018 | Payment | $1,760.00 | $380.75 | $819.90 | $559.35 | $0.00 |
| March 08, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 27, 2018 | Payment | $1,760.00 | $0.00 | $0.00 | $1,760.00 | $0.00 |
| April 20, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 03, 2018 | Adjustment/Reversal | $0.00 | $0.00 | $0.00 | ($1,760.00) | $1,760.00 |
| May 04, 2018 | Payment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| May 08, 2018 | Payment | $1,760.00 | $382.10 | $818.55 | $1,339.86 | ($780.51) |
| May 10, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 25, 2018 | County Taxes | ($2,687.26) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 07, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 14, 2018 | Payment | $1,760.00 | $383.45 | $817.20 | $1,339.86 | ($780.51) |
| July 11, 2018 | Payment | $2,000.00 | $0.00 | $0.00 | $0.00 | $2,000.00 |
| July 12, 2018 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| July 16, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| August 10, 2018 | Payment | $2,540.51 | $384.81 | $815.84 | $1,339.86 | $0.00 |
| August 10, 2018 | Payment | $2,289.06 | $386.17 | $814.48 | $1,088.41 | $0.00 |
| August 10, 2018 | Payment | $150.43 | $387.54 | $813.11 | $1,148.76 | ($2,198.98) |
| August 23, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| September 04, 2018 | Adjustment/Reversal | $0.00 | ($387.54) | ($813.11) | ($1,148.76) | $2,349.41 |

**Loan Number:** ███4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

| Date | Description | Trans Amt | Principal | Interest | Escrow | Suspense |
|------|-------------|-----------|-----------|----------|--------|----------|
| September 04, 2018 | Adjustment/Reversal | $0.00 | ($386.17) | ($814.48) | ($1,088.41) | $2,289.06 |
| September 04, 2018 | Adjustment/Reversal | $0.00 | ($384.81) | ($815.84) | ($1,339.86) | $2,540.51 |
| August 10, 2018 | Payment | $0.00 | $0.00 | $0.00 | $4,980.00 | ($4,980.00) |
| September 10, 2018 | Adjustment/Reversal | $0.00 | $0.00 | $0.00 | ($850.00) | $850.00 |
| September 10, 2018 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| September 10, 2018 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| September 10, 2018 | Payment | $0.00 | $384.81 | $815.84 | $1,339.86 | ($2,540.51) |
| September 17, 2018 | Payment | $1,800.00 | $386.17 | $814.48 | $1,088.41 | ($489.06) |
| September 21, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| October 05, 2018 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| October 10, 2018 | Payment | $2,000.00 | $387.54 | $813.11 | $750.85 | $48.50 |
| October 22, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| October 26, 2018 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| November 14, 2018 | Payment | $1,951.50 | $388.91 | $811.74 | $750.85 | $0.00 |
| November 20, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| November 28, 2018 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| December 07, 2018 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| December 18, 2018 | Payment | $2,000.00 | $390.29 | $810.36 | $750.85 | $48.50 |
| December 27, 2018 | County Taxes | ($2,855.42) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 07, 2019 | Payment | $1,951.50 | $391.67 | $808.98 | $750.85 | $0.00 |
| January 14, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 15, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| January 24, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| January 31, 2019 | Homeowners Insurance Premium | ($897.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 04, 2019 | Payment | $2,000.00 | $393.06 | $807.59 | $750.85 | $48.50 |
| February 11, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| February 12, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 08, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 13, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| March 15, 2019 | Payment | $2,000.00 | $394.45 | $806.20 | $750.85 | $48.50 |
| March 27, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| April 09, 2019 | Payment | $2,000.00 | $395.85 | $804.80 | $750.85 | $48.50 |
| April 22, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 08, 2019 | Payment | $2,000.00 | $397.25 | $803.40 | $750.85 | $48.50 |
| May 20, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 22, 2019 | County Taxes | ($2,837.63) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 30, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| June 04, 2019 | Payment | $2,000.00 | $398.65 | $802.00 | $750.85 | $48.50 |
| June 20, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 28, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| July 08, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| July 16, 2019 | Payment | $2,000.00 | $400.07 | $800.58 | $750.85 | $48.50 |
| July 30, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| August 09, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| August 15, 2019 | Payment | $2,000.00 | $401.48 | $799.17 | $750.85 | $48.50 |
| September 06, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 29, 2015 | Payment | $1,691.80 | $338.64 | $862.01 | $491.15 | $0.00 |
| July 08, 2015 | Payment | $1,691.80 | $339.84 | $860.81 | $491.15 | $0.00 |
| August 03, 2015 | Payment | $1,691.80 | $341.05 | $859.60 | $491.15 | $0.00 |
| May 05, 2015 | Payment | $1,691.80 | $337.45 | $863.20 | $491.15 | $0.00 |
| October 06, 2015 | Payment | $1,691.80 | $343.47 | $857.18 | $491.15 | $0.00 |
| February 20, 2015 | Loan Transaction/Adjustment | $1,027.29 | $0.00 | $0.00 | $1,027.29 | $0.00 |
| April 02, 2015 | Payment | $1,691.80 | $336.26 | $864.39 | $491.15 | $0.00 |
| September 10, 2015 | Payment | $1,691.80 | $342.25 | $858.40 | $491.15 | $0.00 |
| January 05, 2016 | Payment | $1,691.80 | $347.13 | $853.52 | $491.15 | $0.00 |
| June 13, 2016 | Payment | $1,691.80 | $353.32 | $847.33 | $491.15 | $0.00 |
| November 13, 2015 | Payment | $1,691.80 | $344.68 | $855.97 | $491.15 | $0.00 |
| May 09, 2016 | Payment | $1,691.80 | $352.07 | $848.58 | $491.15 | $0.00 |
| March 16, 2016 | Payment | $1,691.80 | $349.59 | $851.06 | $491.15 | $0.00 |

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

| Date | Description | Trans Amt | Principal | Interest | Escrow | Suspense |
|------|-------------|-----------|-----------|----------|--------|----------|
| December 09, 2015 | Payment | $1,691.80 | $345.90 | $854.75 | $491.15 | $0.00 |
| April 15, 2016 | Payment | $1,691.80 | $350.83 | $849.82 | $491.15 | $0.00 |
| February 02, 2016 | Payment | $1,691.80 | $348.36 | $852.29 | $491.15 | $0.00 |
| July 12, 2016 | Payment | $1,691.80 | $354.57 | $846.08 | $491.15 | $0.00 |
| November 13, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 18, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 13, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| October 12, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| April 14, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 24, 2016 | County Taxes | ($526.87) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 07, 2016 | County Taxes | ($552.40) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 17, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 18, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 14, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| July 20, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 09, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 08, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| December 10, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 27, 2016 | Homeowners Insurance Premium | ($575.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| July 12, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 17, 2016 | Escrow Refund | ($1,964.48) | $0.00 | $0.00 | $0.00 | $0.00 |
| September 17, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| August 17, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 11, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| April 21, 2015 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| August 11, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| August 18, 2016 | Payment | $1,696.55 | $355.83 | $844.82 | $495.90 | $0.00 |
| August 18, 2016 | Payment | $60.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| September 08, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| September 12, 2016 | Principal Reduction | $3.45 | $3.45 | $0.00 | $0.00 | $0.00 |
| September 12, 2016 | Payment | $1,696.55 | $357.09 | $843.56 | $495.90 | $0.00 |
| October 12, 2016 | Principal Reduction | $3.45 | $3.45 | $0.00 | $0.00 | $0.00 |
| October 12, 2016 | Payment | $1,696.55 | $358.36 | $842.29 | $495.90 | $0.00 |
| October 13, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| November 09, 2016 | Payment | $1,696.55 | $359.64 | $841.01 | $495.90 | $0.00 |
| November 09, 2016 | Principal Reduction | $3.45 | $3.45 | $0.00 | $0.00 | $0.00 |
| November 09, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| December 09, 2016 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| December 13, 2016 | Payment | $1,696.55 | $360.93 | $839.72 | $495.90 | $0.00 |
| December 13, 2016 | Principal Reduction | $3.45 | $3.45 | $0.00 | $0.00 | $0.00 |
| January 09, 2017 | County Taxes | ($554.79) | $0.00 | $0.00 | $0.00 | $0.00 |
| January 17, 2017 | Payment | $1,700.00 | $362.22 | $838.43 | $495.90 | $0.00 |
| January 18, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 01, 2017 | Homeowners Insurance Premium | ($752.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 06, 2017 | Payment | $1,753.13 | $363.50 | $837.15 | $495.90 | $0.00 |
| February 06, 2017 | Principal Reduction | $6.87 | $6.87 | $0.00 | $0.00 | $0.00 |
| February 09, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| February 15, 2017 | Escrow Refund | ($1,848.67) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 01, 2017 | Payment | $1,727.13 | $364.82 | $835.83 | $526.48 | $0.00 |
| March 01, 2017 | Principal Reduction | $32.87 | $32.87 | $0.00 | $0.00 | $0.00 |
| March 03, 2017 | Homeowners Insurance Premium | ($769.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| March 21, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| April 03, 2017 | Payment | $1,760.00 | $366.22 | $834.43 | $559.35 | $0.00 |
| April 11, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 01, 2017 | Payment | $1,760.00 | $367.52 | $833.13 | $559.35 | $0.00 |
| May 12, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 18, 2017 | County Taxes | ($2,819.35) | $0.00 | $0.00 | $0.00 | $0.00 |
| May 18, 2017 | Misc Special Assessments | ($2,290.09) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 01, 2017 | Payment | $1,760.00 | $368.82 | $831.83 | $559.35 | $0.00 |

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

| Date | Description | Trans Amt | Principal | Interest | Escrow | Suspense |
|---|---|---|---|---|---|---|
| June 15, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| June 30, 2017 | Payment | $1,760.00 | $370.13 | $830.52 | $559.35 | $0.00 |
| July 17, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| August 09, 2017 | Payment | $1,760.00 | $371.44 | $829.21 | $559.35 | $0.00 |
| August 16, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| September 12, 2017 | Payment | $1,760.00 | $372.76 | $827.89 | $559.35 | $0.00 |
| September 19, 2017 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| September 27, 2017 | Payment | $0.00 | $0.00 | $0.00 | $0.00 | $0.04 |
| September 27, 2017 | Payment | $0.00 | $0.00 | $0.00 | $0.00 | $60.03 |
| September 27, 2017 | Payment | $60.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| September 28, 2017 | Loan Transaction/Adjustment | $0.00 | $0.00 | $0.00 | $60.07 | ($60.07) |
| September 20, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| September 20, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| October 07, 2019 | Mortgage Insurance Refund | $233.89 | $0.00 | $0.00 | $0.00 | $0.00 |
| October 07, 2019 | Payment | $2,073.55 | $404.33 | $796.32 | $872.90 | $0.00 |
| October 07, 2019 | Payment | ($73.55) | $0.00 | $0.00 | $0.00 | ($73.55) |
| November 06, 2019 | Payment | $2,073.55 | $405.76 | $794.89 | $872.90 | $0.00 |
| November 06, 2019 | Payment | ($73.55) | $0.00 | $0.00 | $0.00 | ($73.55) |
| December 16, 2019 | Payment | $2,073.55 | $407.20 | $793.45 | $872.90 | $0.00 |
| December 16, 2019 | Payment | ($73.55) | $0.00 | $0.00 | $0.00 | ($73.55) |
| September 12, 2019 | Payment | $1,951.50 | $402.91 | $797.74 | $750.85 | $0.00 |
| September 12, 2019 | Payment | $48.50 | $0.00 | $0.00 | $0.00 | $48.50 |
| December 24, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| December 24, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| January 02, 2020 | County Taxes | ($3,198.06) | $0.00 | $0.00 | $0.00 | $0.00 |
| December 05, 2019 | Mortgage Insurance Disbursements | ($467.78) | $0.00 | $0.00 | $0.00 | $0.00 |
| December 09, 2019 | Property Inspection Fees | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| October 23, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |
| September 20, 2019 | Mortgage Insurance Disbursements | ($233.89) | $0.00 | $0.00 | $0.00 | $0.00 |

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247



---

**Communication Call History**

The following information is included in the Communication Call History:

- The date and time of the call
- Whether or not contact was made
- How the contact occurred

Information below is as of December 22, 2019.

| Date/Time | Was Contact Made? | Inbound/Outbound |
|---|---|---|
| August 27, 2019 09:17 AM EST | No | Outbound |
| August 23, 2019 09:43 AM EST | No | Outbound |
| July 31, 2019 11:38 AM EST | No | Outbound |
| July 29, 2019 09:48 AM EST | No | Outbound |
| July 26, 2019 10:00 AM EST | No | Outbound |
| July 26, 2019 10:00 AM EST | No | Outbound |
| July 23, 2019 09:41 AM EST | No | Outbound |
| July 03, 2019 05:54 PM EST | No | Outbound |
| June 27, 2019 02:48 PM EST | No | Outbound |
| June 27, 2019 02:48 PM EST | No | Outbound |
| June 10, 2019 08:20 PM EST | No | Outbound |
| June 10, 2019 08:20 PM EST | No | Outbound |
| May 29, 2019 04:03 PM EST | No | Outbound |
| May 03, 2019 09:08 AM EST | No | Outbound |
| May 03, 2019 09:08 AM EST | No | Outbound |
| April 20, 2019 12:06 PM EST | No | Outbound |
| April 20, 2019 12:06 PM EST | No | Outbound |
| April 10, 2019 10:32 AM EST | No | Outbound |
| April 03, 2019 06:58 PM EST | No | Outbound |
| March 30, 2019 10:12 AM EST | No | Outbound |
| March 30, 2019 10:12 AM EST | No | Outbound |
| March 13, 2019 10:59 AM EST | No | Outbound |
| March 09, 2019 10:48 AM EST | No | Outbound |
| March 09, 2019 10:48 AM EST | No | Outbound |
| March 06, 2019 04:16 PM EST | No | Outbound |
| January 18, 2019 11:22 AM EST | No | Outbound |
| January 18, 2019 11:22 AM EST | No | Outbound |
| December 11, 2018 06:24 PM EST | No | Outbound |
| December 11, 2018 06:24 PM EST | No | Outbound |
| November 13, 2018 10:40 AM EST | No | Outbound |
| September 24, 2018 11:57 AM EST | No | Outbound |
| September 11, 2018 05:17 PM EST | Yes | Inbound |
| September 10, 2018 04:42 PM EST | Yes | Inbound |
| September 07, 2018 05:12 PM EST | Yes | Inbound |

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

| Date/Time | Was Contact Made? | Inbound/Outbound |
|---|---|---|
| September 05, 2018 03:01 PM EST | Yes | Inbound |
| September 05, 2018 02:01 PM EST | Yes | Inbound |
| August 31, 2018 01:55 PM EST | Yes | Inbound |
| August 31, 2018 01:53 PM EST | Yes | Inbound |
| August 08, 2018 12:29 PM EST | Yes | Inbound |
| August 06, 2018 09:47 AM EST | Yes | Inbound |
| July 17, 2018 09:38 AM EST | No | Outbound |
| July 12, 2018 09:51 AM EST | No | Outbound |
| July 12, 2018 09:49 AM EST | No | Outbound |
| June 19, 2018 05:02 PM EST | Yes | Inbound |
| June 19, 2018 04:03 PM EST | Yes | Inbound |
| June 12, 2018 03:36 PM EST | No | Outbound |
| June 12, 2018 03:34 PM EST | No | Outbound |
| May 05, 2018 01:40 PM EST | Yes | Inbound |
| May 04, 2018 11:56 AM EST | Yes | Inbound |
| May 04, 2018 11:36 AM EST | Yes | Inbound |
| May 03, 2018 03:59 PM EST | Yes | Inbound |
| May 03, 2018 02:57 PM EST | Yes | Inbound |
| May 03, 2018 11:30 AM EST | No | Outbound |
| May 03, 2018 11:21 AM EST | No | Outbound |
| August 18, 2016 12:30 PM EST | Yes | Inbound |
| August 18, 2016 12:30 PM EST | Yes | Inbound |
| March 31, 2015 03:53 PM EST | Yes | Inbound |

**Loan Number:** ▓▓4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247



---

**Communications Notes History**

The Communications Notes section provides notations or comments made by the user in regards to calls with the customer or other authorized 3rd party.

Information is as of December 22, 2019.

| Date | Comments |
|---|---|
| September 10, 2018 08:42 PM EST | BORR 1 RESEARCH   TOPIC: ESCROW, BWR STATED THAT IS NOT BEHIND. ADV ISED THAT PYMT THAT WERE MADE WENT TOWARDS ESCROW. OFFERED TO TRANSFERRED TO ESCROW AND BWR DISCONNE   CTED THE CALL. |
| September 10, 2018 08:28 PM EST | Advised TAD:  $7,268.74.|| Advised NOI Letter sent date: 09/06/2018.|| |
| September 10, 2018 07:52 PM EST | UE. TRANSFERRED CUSTOMER TO CS .  CALLER AUTHENTICATED VIA IVR. DISCUSSED NOI AND AD VISED OF NUMBER OF PAYMENTS REQUIRED TO AVOID POSS IBLE FORECLOSURE REFERRAL. PROVIDED TOTAL AMOUNT D |
| September 07, 2018 09:12 PM EST | MONEY WAS MISAPPLIED TO THE ACCOUNT FOR CUSTOMER. W ACCOUNT WAS SUPPOSED TO BE FUNDED $4050. INSTEAD IT WAS FUNDED $4900.  THE OVERAGE OF THIS AMOUNT NEEDS TO BE MOVED FROM ESCROW OVER TO THE SUSPENS E ACCOUNT AND APPLIED AS A PAYMENT. |
| September 07, 2018 09:12 PM EST | BORR 1  TOPIC: ESCROW ANALYSIS, LAFA TASK FOR CUSTOMER- MONEY WAS MISAPPLIED TO THE ACCOUNT FOR CUSTOMER.  W ACCOUNT WAS SUPPOSED TO BE FUNDED $4050. INSTEAD IT WAS FUNDED $4900. THE OVERAGE OF THIS AMOUNT NEEDS TO BE MOVED FROM ESCROW OVER TO THE SUSPENS   E ACCOUNT AND APPLIED AS A PAYMENT. |
| September 05, 2018 07:01 PM EST | BORR 1  TOPIC: ESCROW ANALYSIS, CUSTOMER CALLED TO ASK AB OUT HER REVERSAL IN THE FUNDS FOR HER ACCOUNT. C USTOMER WAS STATING THAT SHE WAS TOLD TO MAKE SHOR   OULD BE UNTIL EVERYTHING WAS FIXED. CUSTOMERS AM OUNTS SHOULD BE UPDATED THURSDAY.   T PAYMENTS UNTIL THEY FIGURED OUT WHAT WAS GOING O N WITH HER PAYMENTS. CUSTOMER WAS ADVISED THAT H ER PAYMENTS WENT UP AND THAT IS WHAT HER PAYMENT W |
| August 31, 2018 05:55 PM EST | BORR 1  TOPIC: PAYMENT RESEARCH, CUSTOMER'S PAYMENT SENT ON 8/10/2018 FOR $4980 WAS TO BE APPLIED TO ESCROW BUT INSTEAD APPLIED AS MONTHLY PAYMENTS. SUBMITTE   D A REVERSAL TASK, AND WILL CONTACT. |
| August 31, 2018 05:53 PM EST | CUSTOMER SUBMITTED A PAYMENT ON 8/102018 FOR $4,98 0.00 THAT WAS TO BE APPLIED TO THE ESCROW, BUT WAS APPLIED AS MONTHLY PAYMENTS ON 8/10/2018 AS FOLLO WS: $150.43 $,289.06 AND $2,540.51. PLEASE APPLY T O ESCROW. |
| August 31, 2018 05:53 PM EST | BORR 1  TOPIC: PAYMENT RESEARCH, CALLED CUSTOMER TO LET H ER KNOW CSR AND SUPERVISOR WORKING TO GET HER ISSU E RESOLVED. NO ANSWER LEFT MESSAGE |

**Loan Number:** ▮▮▮▮4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247

| Date | Comments |
|---|---|
| August 08, 2018 04:29 PM EST | BORR 1 COMMITMENT DISCUSS   TOPIC: ACCOUNT STATUS, CALLER AUTHENTICATED VIA I VR. PROVIDED TOTAL AMOUNT DUE. CUSTOMER DID NOT CO MMIT TO TAD. BWR WANTED TO KNOW WHY HER PAYMENTS   FOR JUNE IS STILL 2540.51 IT IS SUPPOSE TO BE 2289 .06... WARM TRANSFER TO ESCROW/WHILE I WAS SPEAKIN G WITH ESCROW BWR DISCONNECTED THE CALL... |

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247



---

**Written Communications**

This section provides a copy of all inbound and outbound correspondence associated with the above-referenced loan.  This would also include any communications to or from any authorized borrower representative, if applicable.

Information is as of December 22, 2019.

**Loan Number:** ████4835
**Property Address:** 8509 FOREST VALLEY DR
CINCINNATI, OH 45247



---

**Loan Documents**

This section provides a copy of all loan documents, and any applicable riders, associated with the above-referenced loan.

Information is as of December 22, 2019.

PennyMac Loan Services, LLC
PO Box 9109
Temecula, CA 92589-9109

**2336735982**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
PennyMac Loan Services, LLC
PO Box 30597
Los Angeles, CA   90030-0597

Send Correspondence to:
PennyMac Loan Services, LLC
PO Box 514387
Los Angeles, CA   90051-4387

20180911-189

KRISTEN STITSINGER
8509 FOREST VALLEY DR
CINCINNATI, OH 45247



GEN_NOI{FC}



**Notice Date:** 09/06/2018

KRISTEN STITSINGER
8509 FOREST VALLEY DR
CINCINNATI, OH 45247

**Loan Number:** ███ 4835
**Property Address:**
8509 FOREST VALLEY DR
CINCINNATI, OH 45247

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

### ABOUT YOUR LOAN

This letter is formal notice by PennyMac Loan Services, LLC (herein as "PennyMac") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay the amounts due.

### WHY YOU RECEIVED THIS NOTICE

The loan is due for 06/01/2018 and subsequent payments, plus late charges, and/or any escrow balance, fees and costs. As of today, the total delinquency and reinstatement amount is $7,283.74, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | 06/01/2018 |
| Total Monthly Payments Due: | | $9,407.69 |
| 1 @ $2,540.51 | | |
| 3 @ $2,289.06 | | |
| Late Charges: | | $60.03 |
| Other Charges: | Uncollected NSF Fees: | $0.00 |
| | Property Preservation Fees: | $0.00 |
| | Property Inspection Fees: | $15.00 |
| | Appraisals\Broker Price Opinion Fees: | $0.00 |
| | Bankruptcy Fees: | $0.00 |
| | Unapplied Balance: | ($2,198.98) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | **$7,283.74** |

| **Toll-Free: (866) 545-9070** | **Website: www.PennyMacUSA.com** | **Payments:** | **Correspondence:** |
|---|---|---|---|
| M-F 6:00 AM - 6:00 PM PT<br>Sat 7:00 AM - 11:00 AM PT<br>Toll-Free Fax: (866) 577-7205 | **Secure Messaging Online:**<br>Create an account and/or log in to<br>http://www.PennyMacUSA.com, then look for<br>the Secured Message Center to<br>communicate with us securely. | **Standard Address:**<br>P.O. Box 30597<br>Los Angeles, CA 90030-0597<br>**Overnight Address:**<br>Attn:  Lockbox Operations POB 30597<br>20500 Belshaw Ave<br>Carson, CA  90746<br>**(Please do not send correspondence)** | Attn: Correspondence Unit<br>P.O. Box 514387<br>Los Angeles, CA 90051-4387<br>**(Please do not send payments)** |



GEN_NOI_52
Page 1 of 5

2336735982

TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION. IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER.

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that PennyMac paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $7,283.74. If the default, together with additional payments that subsequently become due, is not cured by 10/11/2018, the sums secured by the Security Instrument may be accelerated, and PennyMac may invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, PennyMac offers consumer assistance programs designed to help resolve delinquencies and avoid FORECLOSURE. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives. If you would like to learn more about these programs, you may contact the Loss Mitigation Department at (866) 545-9070, 6:00 AM - 6:00 PM PT Monday through Friday and 7:00 AM - 11:00 AM PT Saturday. WE ARE VERY INTERESTED IN ASSISTING YOU.

**ACTION REQUIRED**

The default above can be cured by payment of the total delinquency and reinstatement amount plus any additional payments and fees that become due by 10/11/2018. Note that in addition to the regular monthly payments, additional charges, costs and fees may become due during the period between today's date and the date the aforementioned payments are due. You may contact our Collection Department at (866) 545-9070 to obtain updated payment information.

Please include your loan number and property address with your payment and send to:

PennyMac Loan Services, LLC
P.O. Box 30597
Los Angeles, CA 90030-0597

or Overnight:

PennyMac Loan Services, LLC
Attn: Lockbox Operations POB 30597
20500 Belshaw Ave
Carson, CA 90746

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling (866) 545-9070. You may have the right to "cure" or reinstate the loan after acceleration, and the right to assert in a foreclosure proceeding, or to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale. Failure to respond to this letter may result in the loss of your property. To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**NEW YORK** - If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1) Supplemental security income (SSI); 2) Social security; 3) Public assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veterans' benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) Ninety percent of your wages or salary earned in the last sixty days.

**OREGON** - Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (866) 814-9710 or visit http://dfr.oregon.gov.

***This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose. However, if your account is subject to pending bankruptcy proceedings or if you have received a discharge in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt against you personally.***

### Licensing Information

 Equal Housing Opportunity © 2008-2018 PennyMac Loan Services, LLC, 3043 Townsgate Rd. Suite 200, Westlake Village, CA 91361, 818-224-7442. NMLS ID # 35953 (www.nmlsconsumeraccess.org). Trade/service marks are the property of PennyMac Loan Services, LLC and/or its subsidiaries or affiliates. Arizona Mortgage Banker License # 0911088. Licensed by the Department of Business Oversight under the California Residential Mortgage Lending Act. Colorado: Regulated by the Division of Real Estate. Colorado office: 700 17th St, Suite 200, Denver, CO 80202, (866) 436-4766. Georgia Residential Mortgage Licensee #33027. Illinois Residential Mortgage Licensee # MB.6760595. Massachusetts Mortgage Lender License # ML35953. Minnesota: This is not an offer to enter into an agreement and an offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4). Licensed by the N.J. Department of Banking and Insurance. North Carolina Permit No. 104753, 112228, 112874, 112877. Rhode Island Lender License # 20092600LL. Washington Consumer Loan License # CL-35953. For more information, please visit www.pennymacusa.com/state-licenses. Loans not available in New York. Some products may not be available in all states. Information, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. All rights reserved. (05-2018)

2336735982

## IMPORTANT INFORMATION

**Attention Servicemembers and Dependents**:  Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure.  SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances.  If you are currently in the military service, or have been within the last (12) months, **AND** joined after signing the Note and Security Instrument now in default, please contact PennyMac immediately. When contacting PennyMac as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm).  You can also contact us toll-free at  1-866-545-9070 if you have questions about your rights under SCRA.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home. You may contact a government approved housing counseling agency which provides free or low-cost housing counseling. You should consider contacting one of these agencies immediately. These agencies specialize in helping homeowners who are facing financial difficulty. Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance. For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

You may contact the Homeownership Preservation Foundation's Hope hotline at 1-888- 995-HOPE (4673). If you wish, you may also contact us directly at 1-866-545-9070 and ask to discuss possible options or visit our website www.PennyMacUSA.com.

Pursuant to your loan documents, PennyMac may enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, and (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above described inspections and property preservation efforts will be charged to your account as provided in your security instrument.**

**PennyMac is attempting to collect a debt, and any information obtained will be used for that purpose.**

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by PennyMac.

## QUESTIONS? CONTACT US

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will <u>not</u> cancel or delay that evaluation process. However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required. If you do not comply with these requests in a timely manner, it may cause your loan to enter the foreclosure process as indicated in this notice. If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure.

This matter is very important. Please give it your immediate attention.

Sincerely,

PennyMac Loan Services, LLC
3043 Townsgate Rd. Suite 200
Westlake Village, CA 91361
(866) 545-9070



2336735982



**Cleveland | Columbus | Cincinnati | New Jersey | New York**



| | | |
|---|---|---|
| *216.373.0539* | *notices@dannlaw.com* | *216.373.0536* |
| Telephone | Email | Facsimile |

November 14, 2019

PennyMac Loan Services, LLC
Attn: Correspondence Unit
P.O. Box 514387
Los Angeles, CA 90051-4387

*\*Sent via Certified Mail Tracking No. [7014 2120 0003 0672 8768]*

*\*\*If responding to this correspondence by email, please send to notices@dannlaw.com*

**In the Matter of:**

Borrower's Name: Kristen Stitsinger
Property Address: 8509 Forest Valley Drive, Cincinnati, OH 45247
Mortgage Loan No.: 4835

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan (the "Loan"). All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this request on behalf of the Borrower is enclosed. You must provide our office with a written response acknowledging your receipt of this request *within five (5) business days* of such. You must provide the information requested herein, *infra, within thirty (30) business days* of your receipt of this request.

The Borrower previously sent correspondence to PennyMac Loan Services, LLC ("PennyMaca") dated May 24, 2019, alleging that PennyMac committed errors related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to deem the Borrower current after paying the amount demanded for the same and pursuant to 12 C.F.R. § 1024.35(b)(5) for imposing fees for which a servicer had no reasonable basis to impose (the "NOE") via U.S. Certified Mail [Tracking No. 70142120000306723954]. *A copy of the NOE is enclosed for your reference.*

---

Mailing Address:
PO Box 6031040
Cleveland, OH 44103

dannlaw.com
877.475.8100

November 14, 2019
Page 2



PennyMac sent correspondence dated July 11, 2019 in response to the NOE which provided, in part, as follows:

> On August 8, 2018, Mrs. Stitsinger contacted our Collections Department who informed her that the total amount due to bring the account current was $4,979.68. A payment in the amount of $4,980.00 was received on August 10, 2018, and was applied toward the June, July, and August 2018 payments. On August 31, 2018, Mrs. Stitsinger contacted our Customer Service Department and requested that the funds of $4,980.00 that were applied to her monthly payments, be reversed and reapplied to her escrow account, and as such, the reversal was completed on September 5, 2018. Mrs. Stitsinger called again on September 7, 2018, and requested that $4,050.00 out of the $4,980.00, be applied toward her escrow and the remaining be applied toward her June 2018 payment. Due to an internal processing error, funds in the amount of $850.00 instead of the $930.00 requested, was reversed from the escrow account on September 10, 2018, and was combined with funds in the suspense account to complete a monthly payment for June 2018. After the reversal was completed, an analysis was performed on September 10, 2018, which adjusted the monthly payment to $1,951.50, with an overage of $232.84, effective August 1, 2018.

Accordingly, please provide the following information per the requirements described, *supra*:

1. Provide any servicing notes and communication logs related to PennyMac's communications with the Borrower between August 8, 2018 and September 10, 2018 as to the issues surrounding the escrow account for and attempted reinstatement of the Loan and the application of any payments to the Loan during such time as referenced in the NOE and the responsive correspondence thereto, and as further described, *supra*.

2. Provide copies or recordings of any communications between PennyMac and the Borrower, including recordings of any telephone calls between PennyMac and the Borrower in PennyMac's possession, occurring between August 8, 2018 and September 10, 2018 related to the issues surrounding the escrow account for and attempted reinstatement of the Loan and the application of any payments to the Loan during such time as referenced in the NOE and the responsive correspondence thereto, and as further described, *supra*.

Sincerely,

*Whitney E. Kaster*

Whitney E. Kaster, Esq.

Enclosure



**Illinois | New Jersey | New York | Ohio**



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

In the Matter of:
Borrower(s): ___Kristen Stitsinger_____

Property Address: __8509 Forest Valley Drive_____Cincinnati  OH_____45247___

Mortgage Loan No.: __8002824835_____

**Re:     Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____Pennymac_____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through any
and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate
Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be
sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters
concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following
address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ Date: ___11/12/2019_____

Print Name: ___Kristen Stitsinger_____ssn ending: 8507_____

Signed: _____ Date: _____

Print Name: _____

---

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

▽ **HELLOSIGN**                                     Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20181115-16-1qpljii.pdf |
| **DOCUMENT ID** | a074260a95b5f91172ca38c7fbce05dfbca1181d |
| **STATUS** | ○ Completed |

**This document was requested and signed on lexicata.com**

Document History

| | | |
|---|---|---|
| **SIGNED** | **11/09/2019**<br>09:22:18 UTC-5 | Signed by Antonette Scharsu (antonette@dannlaw.com)<br>IP: 162.254.153.226 |
| **SENT** | **11/09/2019**<br>09:22:21 UTC-5 | Sent for signature to Kristen Stitsinger<br>(stitsikl@yahoo.com) from antonette@dannlaw.com<br>IP: 162.254.153.226 |
| **VIEWED** | **11/12/2019**<br>18:52:28 UTC-5 | Viewed by Kristen Stitsinger (stitsikl@yahoo.com)<br>IP: 24.166.249.155 |
| **SIGNED** | **11/12/2019**<br>19:01:12 UTC-5 | Signed by Kristen Stitsinger (stitsikl@yahoo.com)<br>IP: 24.166.249.155 |
| **COMPLETED** | **11/12/2019**<br>19:01:12 UTC-5 | The document has been completed. |



Illinois | New Jersey | New York | Ohio



| 216-373-0539 | Notices@DannLaw.com | 216-373-0536 |
| Telephone | Email | Fax |

May 24, 2019

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0672 3954]*

**In the Matter of:**

 Borrower's Name:   Kristen Stitsinger
 Property Address:   8509 Forest Valley Drive, Cincinnati, OH 45247
 Last Four (4) Digits SSN: ██████4835
***If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

**Re: Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to properly respond to requests for information as required by 12 C.F.R. § 1024.36(d)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). The written authority of the above-referenced borrower (the "Borrower") for this notice to our law firm is enclosed and incorporated herein by this reference.

You must send written notice acknowledging receipt of this notice *within five (5) business days* thereof. Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), you must send your response to this notice *within thirty (30) business days* of receipt thereof.

**Background Information:**

PennyMac has serviced the Loan since February 23, 2015.

On or about February 14, 2018, PennyMac sent an Escrow Account Disclosure Statement to the Borrower stating that the Borrower's monthly escrow payment was to increase from $389.03 to $753.56 and that there was an escrow shortage on the account in the amount of $7,035.66.

---

Mailing Address:
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
877-475-8100

May 24, 2019
Page 2



The Borrower was confused as to why there was such a large shortage or why her payment would increase so drastically, so she attempted to discuss this matter with PennyMac and the Hamilton County Auditor via telephone.

As the Loan was for the construction of a new home, the Borrower originally paid taxes on just the land through their escrow account. The county reassessed the property, however, in or around March 8, 2017, which change the taxable value of the property from $47,030 to $256,910 and altered the taxes due accordingly. The Borrower did not fully discover this until August 2018.

Upon contacting PennyMac, a representative informed the Borrower that she would be brought current through the end of August 2018 if she submitted $4,900. In reliance upon PennyMac's promises and assurances, the Borrower remitted the $4,900 payment and PennyMac cashed and accepted the funds on or about August 10, 2018.

The Borrower phoned PennyMac on or about August 31, 2018 to see what her new monthly payment amount would be upon the reinstatement and payment of outstanding amounts. PennyMac, however, informed the Borrower in contradiction to their prior assurances that she was still roughly $5,000 past due. PennyMac, through a representative named "Wensus", further informed the Borrower that the $4,900 accepted on August 10, 2018 was applied incorrectly, and that a June payment was also applied incorrectly. She was informed via a voicemail from a supervisor named "Ida" that PennyMac would make all necessary corrections and call the Borrower back, but the Borrower never heard from anyone.

The Borrower called again on or about September 4, 2018 and spoke to a representative named "Clay" who stated that he could not provide any information as to the amount of her payment and that adjustments on the account were still pending. Clay set up an appointment to call the Borrower at 2:00 p.m. on September 7, 2018 but did not call until hours later leading the Borrower to miss said call.

The Borrower called PennyMac again on or about September 10, 2018 and spoke to a collections representative named "Darion" who stated that the Borrower owed $7,268.74 in past due amounts and a letter of intent to foreclose had been sent to the Borrower. Darion transferred the Borrower to an individual named "Shena" who stated that the payments would be $1,951.50, which would be back-dated four months to reduce the past due amount by $2,400. No one was able to inform the borrower where the past due amounts arose from despite the Borrower making all her payments since the allegedly being "brought current" as of August 10, 2018.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to deem the Borrower current after paying the amount demanded for the same:**

As stated, *supra*, the Borrower was informed in August 2018 that if she remitted $4,900, she would be brought current on the Loan. The Borrower remitted this payment in reliance upon PennyMac's promises and assurances and PennyMac cashed and accepted the funds on or about August 10, 2018. Despite such, the Borrower was not brought current on the Loan and was later informed on or about August 31, 2018, that the Loan was past due in the amount of roughly $5,000.

May 24, 2019
Page 3



PennyMac's actions, in failing to deem the Borrower current after remitting the necessary amounts demanded, constitute a clear, distinct, and egregious error pursuant to 12 C.F.R. § 1024.35(b)(11).

This error has and continues to cause real, legitimate harm to the Borrower including her being placed into a rolling delinquency and being charged each month for late fees and/or charges during such delinquency. This is not an exhaustive list of the damages the Borrower has suffered but is more so to place PennyMac on notice that their improper actions have had a lasting, profound, and tangible negative impact on the Borrower's life.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(5) for imposing fees for which a servicer had no reasonable basis to impose:**

12 C.F.R. §1024.35(b)(5) provides that it is an error to impose a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer. Comment 2 of the Official Interpretations of the Consumer Financial Protection Bureau to 12 C.F.R. § 1024.35(b)(5) expressly states that a servicer lacks a reasonable basis to impose fees that are not bona fide, such as:

> i. A late fee for a payment that was not late;
> ii. A charge imposed by a service provider for a service that was not actually rendered;
> iii. A default property management fee for borrowers that are not in a delinquency status that would justify the charge; or
> iv. A charge for force-placed insurance in a circumstance not permitted by § 1024.37.

The Borrower was informed in August 2018 that if she remitted $4,900, she would be brought current on the Loan. The Borrower remitted this payment in reliance upon PennyMac's promises and assurances and PennyMac cashed and accepted the funds on or about August 10, 2018. Despite such, the Borrower was not brought current on the Loan and was later informed on or about August 31, 2018, that the Loan was past due in the amount of roughly $5,000.

Each charge or fee that constitutes or is part of this $5,000 is improper. The Borrower remitted the payments demanded by PennyMac as of August 10, 2018 and should have been deemed current as of such date. Moreover, the only fees or charges imposed against the Loan from that point forward should have been those due for principal, interest, and escrow coming due each month.

The Borrower timely remitted monthly payments on the Loan from September 2018 through the present in the amount instructed by PennyMac, through Shena, or in an amount in excess of such. As such, the Loan should always have been current since August 10, 2018.

Despite such, PennyMac has continued to claim that the Loan was in delinquency and/or default and has imposed numerous fees for default related issues including "Property Inspection Fees" of in the amount of $15.00 each on:

May 24, 2019
Page 4



    a.   October 5, 2018;
    b.   October 26, 2018;
    c.   November 28, 2018;
    d.   January 15, 2019;
    e.   January 24, 2019; and,
    f.   February 11, 2019.

Upon information and belief, PennyMac has imposed numerous other such fees on the Loan and against the Borrower since August 10, 2018, each of which would be a clear, distinct, and separate error pursuant to 12 C.F.R. § 1024.35(b)(5).

PennyMac's actions, in imposing any fees other than those for amounts coming due and owing for monthly amounts of principal, interest, and escrow, as further described *supra*, for which PennyMac had no reasonable basis to impose, ***constitute a significant number of, but no less than seven (7), clear, distinct, and egregious errors*** in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(5), one (1) such error for each improper fee imposed.

These errors have and continue to cause real, legitimate harm to the Borrower including her being placed into a rolling delinquency and being charged each month for late fees and/or charges during such delinquency. This is not an exhaustive list of the damages the Borrower has suffered but is more so to place PennyMac on notice that their improper actions have had a lasting, profound, and tangible negative impact on the Borrower's life.

**Conclusion and Requested Actions:**

PennyMac has committed a significant number of clear, distinct, and egregious errors in the servicing of the Loan pursuant to 12 C.F.R. §§ 1024.35(b)(5) and (11) as described, *supra*.

The Borrower demands that you immediately ensure that the Loan is brought current and due and owing only for the upcoming monthly payment of $1,951.50. Please waive any and all fees imposed against the Loan as outlined, *supra*, that PennyMac imposed onward from August 10, 2018. If you have reported negative information to any Credit Bureaus, including but not limited to TransUnion, Equifax, and Experian, since August 10, 2018, take any necessary steps to correct the same.

Further, please remit funds for restitution to the Borrower through our firm in a sufficient amount including but not limited to reimbursement of legal fees and expenses incurred in the preparation and sending of this notice which would not have been necessary but for PennyMac's wrongful and otherwise questionable actions.

Please correct these errors as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, **through our firm**, with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the

May 24, 2019
Page 5



servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Illinois | New Jersey | New York | Ohio**



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

In the Matter of:
Borrower(s): _____ Kristen Becker (fka Stitsinger) _____ and Fred Stitsinger _____

Property Address: 8509 Forest Valley Drive _____ Cincinnati, OH _____ 45247

Mortgage Loan No.: 8002824835 _____

### Re: Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____ Penny Mac _____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ Date: _____ 05/23/2019 _____

Print Name: _____ Kristen Becker (Stitsinger) _____

Signed: _____ Date: _____ 05/23/2019 _____

Print Name: _____ Fred Stitsinger _____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

Doc ID: 27f575d31e8514572c856a8fcf218964db139323

# ▽ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20181115-16-1qpljii.pdf |
| **DOCUMENT ID** | 27f575d31e8514572c856a8fcf218964db139323 |
| **STATUS** | ⊙ Completed |

This document was requested on app.lexicata.com and signed on dannlaw.lexicata.com

## Document History

| | | |
|---|---|---|
| **SIGNED** | **05/23/2019**<br>19:38:13 UTC | Signed by swilk@dannlaw.com<br>IP: 162.254.153.226 |
| **SENT** | **05/23/2019**<br>19:38:16 UTC | Sent for signature to Kristen Stitsinger<br>(stitsikl@yahoo.com) from swilk@dannlaw.com<br>IP: 162.254.153.226 |
| **VIEWED** | **05/24/2019**<br>02:44:11 UTC | Viewed by Kristen Stitsinger (stitsikl@yahoo.com)<br>IP: 24.209.7.180 |
| **SIGNED** | **05/24/2019**<br>02:51:25 UTC | Signed by Kristen Stitsinger (stitsikl@yahoo.com)<br>IP: 24.209.7.180 |
| **COMPLETED** | **05/24/2019**<br>02:51:25 UTC | The document has been completed. |



**CERTIFIED MAIL** ®

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

7014 2120 0003 0672 8768

$4.00⁰
US POSTAGE
FIRST-CLASS

071V00929391
44103

PennyMac Loan Services, LLC
Attn: Correspondence Unit
P.O. Box 514387
Los Angeles, CA 90051-4387

SC05184387 B902

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



Illinois | New Jersey | New York | Ohio



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

May 24, 2019

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0672 3954]*

**In the Matter of:**

Borrower's Name: Kristen Stitsinger
Property Address: 8509 Forest Valley Drive, Cincinnati, OH 45247
Last Four (4) Digits SSN: 4835
**\*\*If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

Re: **Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to properly respond to requests for information as required by 12 C.F.R. § 1024.36(d)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). The written authority of the above-referenced borrower (the "Borrower") for this notice to our law firm is enclosed and incorporated herein by this reference.

You must send written notice acknowledging receipt of this notice *within five (5) business days* thereof. Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), you must send your response to this notice *within thirty (30) business days* of receipt thereof.

**Background Information:**

PennyMac has serviced the Loan since February 23, 2015.

On or about February 14, 2018, PennyMac sent an Escrow Account Disclosure Statement to the Borrower stating that the Borrower's monthly escrow payment was to increase from $389.03 to $753.56 and that there was an escrow shortage on the account in the amount of $7,035.66.

---

Mailing Address:
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
877-475-8100

May 24, 2019
Page 2



The Borrower was confused as to why there was such a large shortage or why her payment would increase so drastically, so she attempted to discuss this matter with PennyMac and the Hamilton County Auditor via telephone.

As the Loan was for the construction of a new home, the Borrower originally paid taxes on just the land through their escrow account. The county reassessed the property, however, in or around March 8, 2017, which change the taxable value of the property from $47,030 to $256,910 and altered the taxes due accordingly. The Borrower did not fully discover this until August 2018.

Upon contacting PennyMac, a representative informed the Borrower that she would be brought current through the end of August 2018 if she submitted $4,900. In reliance upon PennyMac's promises and assurances, the Borrower remitted the $4,900 payment and PennyMac cashed and accepted the funds on or about August 10, 2018.

The Borrower phoned PennyMac on or about August 31, 2018 to see what her new monthly payment amount would be upon the reinstatement and payment of outstanding amounts. PennyMac, however, informed the Borrower in contradiction to their prior assurances that she was still roughly $5,000 past due. PennyMac, through a representative named "Wensus", further informed the Borrower that the $4,900 accepted on August 10, 2018 was applied incorrectly, and that a June payment was also applied incorrectly. She was informed via a voicemail from a supervisor named "Ida" that PennyMac would make all necessary corrections and call the Borrower back, but the Borrower never heard from anyone.

The Borrower called again on or about September 4, 2018 and spoke to a representative named "Clay" who stated that he could not provide any information as to the amount of her payment and that adjustments on the account were still pending. Clay set up an appointment to call the Borrower at 2:00 p.m. on September 7, 2018 but did not call until hours later leading the Borrower to miss said call.

The Borrower called PennyMac again on or about September 10, 2018 and spoke to a collections representative named "Darion" who stated that the Borrower owed $7,268.74 in past due amounts and a letter of intent to foreclose had been sent to the Borrower. Darion transferred the Borrower to an individual named "Shena" who stated that the payments would be $1,951.50, which would be back-dated four months to reduce the past due amount by $2,400. No one was able to inform the borrower where the past due amounts arose from despite the Borrower making all her payments since the allegedly being "brought current" as of August 10, 2018.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to deem the Borrower current after paying the amount demanded for the same:**

As stated, *supra*, the Borrower was informed in August 2018 that if she remitted $4,900, she would be brought current on the Loan. The Borrower remitted this payment in reliance upon PennyMac's promises and assurances and PennyMac cashed and accepted the funds on or about August 10, 2018. Despite such, the Borrower was not brought current on the Loan and was later informed on or about August 31, 2018, that the Loan was past due in the amount of roughly $5,000.

May 24, 2019
Page 3



PennyMac's actions, in failing to deem the Borrower current after remitting the necessary amounts demanded, constitute a clear, distinct, and egregious error pursuant to 12 C.F.R. § 1024.35(b)(11).

This error has and continues to cause real, legitimate harm to the Borrower including her being placed into a rolling delinquency and being charged each month for late fees and/or charges during such delinquency. This is not an exhaustive list of the damages the Borrower has suffered but is more so to place PennyMac on notice that their improper actions have had a lasting, profound, and tangible negative impact on the Borrower's life.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(5) for imposing fees for which a servicer had no reasonable basis to impose:**

12 C.F.R. §1024.35(b)(5) provides that it is an error to impose a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer. Comment 2 of the Official Interpretations of the Consumer Financial Protection Bureau to 12 C.F.R. § 1024.35(b)(5) expressly states that a servicer lacks a reasonable basis to impose fees that are not bona fide, such as:

    i. A late fee for a payment that was not late;
    ii. A charge imposed by a service provider for a service that was not actually rendered;
    iii. A default property management fee for borrowers that are not in a delinquency status that would justify the charge; or
    iv. A charge for force-placed insurance in a circumstance not permitted by § 1024.37.

The Borrower was informed in August 2018 that if she remitted $4,900, she would be brought current on the Loan. The Borrower remitted this payment in reliance upon PennyMac's promises and assurances and PennyMac cashed and accepted the funds on or about August 10, 2018. Despite such, the Borrower was not brought current on the Loan and was later informed on or about August 31, 2018, that the Loan was past due in the amount of roughly $5,000.

Each charge or fee that constitutes or is part of this $5,000 is improper. The Borrower remitted the payments demanded by PennyMac as of August 10, 2018 and should have been deemed current as of such date. Moreover, the only fees or charges imposed against the Loan from that point forward should have been those due for principal, interest, and escrow coming due each month.

The Borrower timely remitted monthly payments on the Loan from September 2018 through the present in the amount instructed by PennyMac, through Shena, or in an amount in excess of such. As such, the Loan should always have been current since August 10, 2018.

Despite such, PennyMac has continued to claim that the Loan was in delinquency and/or default and has imposed numerous fees for default related issues including "Property Inspection Fees" of in the amount of $15.00 each on:



    a.  October 5, 2018;
    b.  October 26, 2018;
    c.  November 28, 2018;
    d.  January 15, 2019;
    e.  January 24, 2019; and,
    f.  February 11, 2019.

Upon information and belief, PennyMac has imposed numerous other such fees on the Loan and against the Borrower since August 10, 2018, each of which would be a clear, distinct, and separate error pursuant to 12 C.F.R. § 1024.35(b)(5).

PennyMac's actions, in imposing any fees other than those for amounts coming due and owing for monthly amounts of principal, interest, and escrow, as further described *supra*, for which PennyMac had no reasonable basis to impose, ***constitute a significant number of, but no less than seven (7), clear, distinct, and egregious errors*** in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(5), one (1) such error for each improper fee imposed.

These errors have and continue to cause real, legitimate harm to the Borrower including her being placed into a rolling delinquency and being charged each month for late fees and/or charges during such delinquency. This is not an exhaustive list of the damages the Borrower has suffered but is more so to place PennyMac on notice that their improper actions have had a lasting, profound, and tangible negative impact on the Borrower's life.

**Conclusion and Requested Actions:**

PennyMac has committed a significant number of clear, distinct, and egregious errors in the servicing of the Loan pursuant to 12 C.F.R. §§ 1024.35(b)(5) and (11) as described, *supra*.

The Borrower demands that you immediately ensure that the Loan is brought current and due and owing only for the upcoming monthly payment of $1,951.50. Please waive any and all fees imposed against the Loan as outlined, *supra*, that PennyMac imposed onward from August 10, 2018. If you have reported negative information to any Credit Bureaus, including but not limited to TransUnion, Equifax, and Experian, since August 10, 2018, take any necessary steps to correct the same.

Further, please remit funds for restitution to the Borrower through our firm in a sufficient amount including but not limited to reimbursement of legal fees and expenses incurred in the preparation and sending of this notice which would not have been necessary but for PennyMac's wrongful and otherwise questionable actions.

Please correct these errors as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, **through our firm**, with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the

May 24, 2019
Page 5



servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Illinois | New Jersey | New York | Ohio**



*216-373-0539*
Telephone

*Notices@DannLaw.com*
*Email*

*216-373-0536*
*Fax*

In the Matter of:
Borrower(s): _____ Kristen Becker (fka Stitsinger)    and Fred Stitsinger _____

Property Address: 8509 Forest Valley Drive        Cincinnati, OH            45247

Mortgage Loan No.: 8002824835 _____

**Re:     Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____ Penny Mac _____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ *KBecM* _____    Date: _____ 05/23/2019 _____

Print Name: _____ Kristen Becker  (Stitsinger) _____

Signed: _____ _____    Date: _____ 05/23/2019 _____

Print Name: _____ Fred Stitsinger _____

---

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

Doc ID: 27f575d31e8514572c856a8fcf218964db139323

# ▼ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20181115-16-1qpljii.pdf |
| **DOCUMENT ID** | 27f575d31e8514572c856a8fcf218964db139323 |
| **STATUS** | ○ Completed |

---

**This document was requested on app.lexicata.com and signed on dannlaw.lexicata.com**

---

## Document History

| | | |
|---|---|---|
| **SIGNED** | **05/23/2019** 19:38:13 UTC | Signed by swilk@dannlaw.com IP: 162.254.153.226 |
| **SENT** | **05/23/2019** 19:38:16 UTC | Sent for·signature to Kristen Stitsinger (stitsikl@yahoo.com) from swilk@dannlaw.com IP: 162.254.153.226 |
| **VIEWED** | **05/24/2019** 02:44:11 UTC | Viewed by Kristen Stitsinger (stitsikl@yahoo.com) IP: 24.209.7.180 |
| **SIGNED** | **05/24/2019** 02:51:25 UTC | Signed by Kristen Stitsinger (stitsikl@yahoo.com) IP: 24.209.7.180 |
| **COMPLETED** | **05/24/2019** 02:51:25 UTC | The document has been completed. |

**CERTIFIED MAIL**

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

7014 2120 0003 0672 3954

$3.85⁰
**US POSTAGE**
FIRST-CLASS

071V00929391
44103

PennyMac Loan Servicing, LLC
Attention: Correspondence Unit
PO Box 541387
Los Angeles, CA 90051

90051＄9999

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

 **Dann Law**   Illinois | New Jersey | New York | Ohio | Oregon

January 21, 2019

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0670 7114]*

**In the Matter of:**

      Borrowers' Names:    Kristen and Fred Stitsinger
      Property Address:     8509 Forest Valley Drive, Cincinnati, OH 45247
      Mortgage Account No.:    4835

**\*\*If responding to this correspondence by e-mail, please send to _notices@dannlaw.com_**

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan (the "Loan"). All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower (the "Borrowers") for this Request to my law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(c), *within five (5) days* (excluding legal public holidays, Saturdays and Sundays) of your receipt of this request, you must provide our office with a written response acknowledging such receipt.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of this request.

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100



Please provide the following information within the time periods noted herein:

1. Please state each date upon which you received a loss mitigation application, whether complete or incomplete, from the Borrowers in relation to the Loan from January 10, 2014 to the present.

2. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether any submitted loss mitigation application was complete or incomplete, and if incomplete, stating what documentation and/or information was necessary to complete such loss mitigation application.

3. Please state each date during the period from January 10, 2014, to the present on which you received or otherwise came into possession of a complete loss mitigation application from the Borrowers. Please note that, pursuant to 12 C.F.R. § 1024.41(b)(1), a "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

4. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(c)(1)(ii) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to which loss mitigation options, if any, PennyMac would offer to the Borrowers on behalf of the owner or assignee of the mortgage.

5. Please provide a copy of any written correspondence that you sent to the Borrowers notifying them that the Loan is eligible to be considered for the Home Affordable Modification Program. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether the owner or assignee of the mortgage allows the Loan to be considered for a modification under the Home Affordable Modification Program.

6. Please provide a copy of all trial period payment plans, loan modification agreements, or loss mitigation agreements otherwise that PennyMac has offered to the Borrowers, regardless of whether they were accepted or rejected by the Borrowers.



7. Please state each date upon which you received an executed loss mitigation agreement from the Borrowers in relation to the Loan from January 10, 2014 to the present.

8. Please state each date upon which you received or otherwise came into possession of an appeal of loss mitigation eligibility from the Borrowers in relation to the Loan from January 10, 2014 to the present.

9. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(h)(4) in relation to the Loan from January 10, 2014 to the present. In other words, provide a copy of any written correspondence PennyMac sent to the Borrowers stating PennyMac's determination of whether PennyMac would offer the Borrowers a loss mitigation option based upon an appeal of PennyMac's denial of the Borrowers for eligibility under any loss mitigation option.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Illinois | New Jersey | New York | Ohio**



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

In the Matter of:
Borrower(s): _____ Kristen Stitsinger _____

Property Address: __8509 Forest Valley Drive_____Cincinnati_____45247___

Mortgage Loan No.: __8002824835_____

**Re:    Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____**Pennymac**_____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through any
and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate
Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be
sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters
concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following
address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ Date: ___01/12/2019_____

Print Name: __Kristen Stitsinger_____

Signed: _____ Date: _____

Print Name: _____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100



The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

**CERTIFIED MAIL**

7014 2120 0003 0670 7114

$3.82⁰
**US POSTAGE**
**FIRST-CLASS**

071V00929391
44103
000024007

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

90051-438787

 **Dann Law**    Illinois | New Jersey | New York | Ohio | Oregon

January 21, 2019

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0670 7107]*

**In the Matter of:**

     Borrowers' Names:     Kristen and Fred Stitsinger
     Property Address:      8509 Forest Valley Drive, Cincinnati, OH 45247
     Mortgage Account No.:   4835

**\*\*If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

**Re: Request for Payoff Statement Pursuant to 12 C.F.R. § 1026.36(c)(3)**

Dear Sir or Madam:

This is a written request for a payoff statement related to the above-referenced mortgage loan account for which you are the servicer.

All references herein are to Regulation Z of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority from the above-referenced borrower to our law firm for this correspondence is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a



specified date" ***within a reasonable time*** after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement ***within seven business days*** of receipt of this request.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Illinois  |  New Jersey  |  New York  |  Ohio**



*216-373-0539*
Telephone

*Notices@DannLaw.com*
*Email*

*216-373-0536*
*Fax*

In the Matter of:
Borrower(s):     Kristen Stitsinger
_____

Property Address:  8509 Forest Valley Drive      Cincinnati      45247
_____

Mortgage Loan No.:  8002824835
_____

**Re:**    **Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____Pennymac_____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through any
and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate
Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be
sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters
concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following
address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____   Date: ___01/12/2019_____

Print Name:  Kristen Stitsinger
_____

Signed: _____   Date: _____

Print Name: _____

---

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103



CERTIFIED MAIL

7014 2120 0003 0670 7107

$3.82⁰
US POSTAGE
FIRST-CLASS

071V00929391
44103
000024006

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

 Illinois | New Jersey | New York | Ohio | Oregon

January 21, 2019

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0670 7121]*

**In the Matter of:**

Borrowers' Names:     Kristen and Fred Stitsinger
Property Address:      8509 Forest Valley Drive, Cincinnati, OH 45247
Mortgage Account No.   ████4835

**If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

**RE: Request for Information pursuant to 12 C.F.R. 1024.36**

Dear Sir or Madam:

Our law firm represents the above-named debtors. This is a Request for Information related your servicing of the mortgage loan of the above-named borrowers. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the borrower to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c), **_no later than five (5) days_** (excluding legal public holidays, Saturdays and Sundays), you must provide our office with a response to this Request acknowledging receipt of this information request.

Pursuant pursuant to Section 1024.36(d)(ii)(2)(B), you must respond **_not later than thirty (30) days_** (excluding legal public holidays, Saturdays and Sundays) after you receive this request for

---



information.

Please provide the following information within the time periods noted herein:

1. An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

2. An exact reproduction of the manually prepared XLS worksheet for the mortgage loan in this case prepared by one or more employees of the current mortgage servicer for the mortgage loan identified herein.

3. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider non-recoverable as against the obligors of the mortgage loan identified herein.

4. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider recoverable against the obligors of the mortgage loan identified herein.

5. All copies of property tax bills paid from July 2016 to present.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---



Illinois  |  New Jersey  |  New York  |  Ohio



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

In the Matter of:
Borrower(s):  Kristen Stitsinger

Property Address:  8509 Forest Valley Drive          Cincinnati          45247

Mortgage Loan No.:  8002824835

**Re:    Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____ **Pennymac** _____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____     Date:  01/12/2019

Print Name:  Kristen Stitsinger

Signed: _____     Date: _____

Print Name: _____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

The Gardner Law Firm Co., LPA
P. O. Box 6031040
Cleveland. OH 44103





**CERTIFIED MAIL**

7014 2120 0003 0670 7121

$3.82⁹
**US POSTAGE**
**FIRST-CLASS**

071V00929391
44103
000024008

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

90051-438787

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

 **Dann Law**    Illinois | New Jersey | New York | Ohio | Oregon

January 21, 2019

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0670 7084]*

**In the Matter of:**

    Borrowers' Names:    Kristen and Fred Stitsinger
    Property Address:    8509 Forest Valley Drive, Cincinnati, OH 45247
    Mortgage Account No.:    █████4835

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com***

### Re:  Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower for this Request to our law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this Request no later than ***ten (10) days*** after your receipt of such, excluding legal public holidays, Saturdays, and Sundays.

Please provide the following information within the time periods noted herein:

1. The name, address, and appropriate contact information for the current owner or assignee of the above-referenced mortgage loan.

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100

1



a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised this request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA). For each violation of TILA, you may be liable to the borrowers for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



Illinois | New Jersey | New York | Ohio



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

In the Matter of:
Borrower(s):  Kristen Stitsinger

Property Address:  8509 Forest Valley Drive        Cincinnati                45247

Mortgage Loan No.:  8002824835

**Re:    Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____**Pennymac**_____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____  Date: ___01/12/2019_____

Print Name: __Kristen Stitsinger_____

Signed: _____  Date: _____

Print Name: _____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100



**CERTIFIED MAIL**

P. O. Box 6031040
Cleveland, OH 44103

7014 2120 0003 0670 7084

$3.82⁰
US POSTAGE
FIRST-CLASS

071V00929391
44103
000024012

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

90051-438787

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



**Dann Law**    Illinois | New Jersey | New York | Ohio | Oregon

January 21, 2019

*PennyMac Loan Services,LLC*
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*\*Sent via Certified Mail return receipt requested [7014 2120 0003 0670 7091]*

**In the Matter of:**

| | |
|---|---|
| Borrowers' Names: | Kristen Fred Stitsinger |
| Property Address: | 8509 Forest Valley Drive, Cincinnati, OH 45247 |
| Mortgage Account No.: | ▮▮▮4835 |

**\*\*If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower for this request to our law firm is enclosed herewith and incorporated herein by this reference.

Pursuant to 12 C.F.R. § 1024.36(c), you must provide our office with a written response acknowledging receipt of this notice *within five (5) days* of such, excluding legal public holidays, Saturdays, and Sundays.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested, *infra*, *within thirty (30) days* after your receipt of this request, excluding legal public holidays, Saturdays, and Sundays.

---



Please provide the following information within the time periods noted herein:

1. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan from January 10, 2014.

2. Copies of any and all broker's price opinions you performed or otherwise obtained for the above-referenced property in relation to the above-referenced mortgage loan.

3. The physical location of the original note related to the above-referenced mortgage loan.

4. A true and accurate copy of the original note related to the above-referenced mortgage loan.

5. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

6. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

7. A copy of an accurate and up-to-date reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default on the above-referenced loan as well as a date through which such amount is to remain good and valid.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---



**Illinois | New Jersey | New York | Ohio**



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

In the Matter of:
Borrower(s): ___Kristen Stitsinger_____

Property Address: __8509 Forest Valley Drive_____Cincinnati_____45247___

Mortgage Loan No.: __8002824835_____

**Re:     Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____Pennymac_____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: ___[signature]_____ Date: __01/12/2019_____

Print Name: __Kristen Stitsinger_____

Signed: _____ Date: _____

Print Name: _____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

CERTIFIED MAIL®

7014 2120 0003 0670 7091

$3.82
US POSTAGE
FIRST-CLASS

071V00929391
44103
000024013

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

90051-438787

PLACE STICKER AT TOP OF ENVELOPE TO
OF THE RETURN ADDRESS, FOLD AT DOTTE

   Illinois | New Jersey | New York | Ohio   

| 216-373-0539 | Notice@DannLaw.com | 216-373-0536 |
| Telephone | Email | Fax |

December 11, 2018

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7015 1520 0001 6620 1911]*

**In the Matter of:**

| Borrowers' Names: | Kristen Becker and Fred Stitsinger |
| Property Address: | 8509 Forest Valley Drive, Cincinnati, OH 45247 |
| Mortgage Account No.: | ████4835 |

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com***

**Re: Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to properly respond to requests for information as required by 12 C.F.R. § 1024.36(d)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). You must send written notice acknowledging receipt of this notice ***within five (5) business days*** thereof. Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), you must send your response to this notice ***within thirty (30) business days*** of receipt thereof.

The written authority of the above-referenced borrowers (the "Borrowers") for this notice to our law firm is enclosed and incorporated herein by this reference.

**Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to properly respond to requests for information as required by 12 C.F.R. § 1024.36(d):**

On or about September 26, 2018, the Borrowers sent three (3) letters, each captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36" (collectively, the "RFIs") to PennyMac Loan Services, LLC ("PennyMac") via Certified U.S. Mail [Receipt Nos.: 7014 2120 0003 0669 5534, 7014 2120 0003 0669 5503, and 7014 2120 0003 0669 5510]. Copies of the RFIs are enclosed for your reference and review.

The RFIs requested the following information and/or documents:

December 10, 2018
Page 2



1. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan from January 10, 2014.

2. Copies of any and all broker's price opinions you performed or otherwise obtained for the above-referenced property in relation to the above-referenced mortgage loan.

3. The physical location of the original note related to the above-referenced mortgage loan.

4. A true and accurate copy of the original note related to the above-referenced mortgage loan.

5. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

6. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

7. A copy of an accurate and up-to-date reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default on the above-referenced loan as well as a date through which such amount is to remain good and valid.
   [...]
   An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

8. An exact reproduction of the manually prepared XLS worksheet for the mortgage loan in this case prepared by one or more employees of the current mortgage servicer for the mortgage loan identified herein.

December 10, 2018
Page 3



9. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider non-recoverable as against the obligors of the mortgage loan identified herein.

10. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider recoverable against the obligors of the mortgage loan identified herein.

11. All copies of property tax bills paid from July 2016 to present.
    [...]
      Please state each date upon which you received a loss mitigation application, whether complete or incomplete, from the Borrowers in relation to the Loan from January 10, 2014 to the present.

12. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether any submitted loss mitigation application was complete or incomplete, and if incomplete, stating what documentation and/or information was necessary to complete such loss mitigation application.

13. Please state each date during the period from January 10, 2014, to the present on which you received or otherwise came into possession of a complete loss mitigation application from the Borrowers. Please note that, pursuant to 12 C.F.R. § 1024.41(b)(1), a "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

14. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(c)(1)(ii) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to which loss mitigation options, if any, PennyMac would offer to the Borrowers on behalf of the owner or assignee of the mortgage.

15. Please provide a copy of any written correspondence that you sent to the Borrowers notifying them that the Loan is eligible to be considered for the Home Affordable Modification Program. In other words, please provide a copy of any

December 10, 2018
Page 4



written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether the owner or assignee of the mortgage allows the Loan to be considered for a modification under the Home Affordable Modification Program.

16.     Please provide a copy of all trial period payment plans, loan modification agreements, or loss mitigation agreements otherwise that PennyMac has offered to the Borrowers, regardless of whether they were accepted or rejected by the Borrowers.

17.     Please state each date upon which you received an executed loss mitigation agreement from the Borrowers in relation to the Loan from January 10, 2014 to the present.

18.     Please state each date upon which you received or otherwise came into possession of an appeal of loss mitigation eligibility from the Borrowers in relation to the Loan from January 10, 2014 to the present.

19.     Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(h)(4) in relation to the Loan from January 10, 2014 to the present. In other words, provide a copy of any written correspondence PennyMac sent to the Borrowers stating PennyMac's determination of whether PennyMac would offer the Borrowers a loss mitigation option based upon an appeal of PennyMac's denial of the Borrowers for eligibility under any loss mitigation option.

PennyMac received each of the RFIs on October 3, 2018. A copy of the Tracking Information for each of the RFIs, obtained from the website for the United States Postal Service (www.usps.com), is enclosed for your reference and review.

Pursuant to 12 C.F.R. §1024.36(d)(2)(i)(B), PennyMac was to provide the information requested by the RFIs within thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after receipt of the RFIs. As such, pursuant to 12 C.F.R. §1024.36(d)(2)(i)(B), PennyMac was to provide our office with the information requested by the RFIs on or before November 16, 2018.

To date, our office has not received any written correspondence consisting of a substantive response to any of the RFIs. Regardless of the form of mailing or transmission by and through which PennyMac may have sent any such correspondence, if PennyMac had sent such correspondence on or before the deadline of November 16, 2018, our office would have received such by the time of drafting this correspondence.

PennyMac's actions, in failing to provide the responses required by 12 C.F.R. §1024.36(d), constitute three (3) clear, distinct, and separate errors related to the Borrowers' mortgage loan account pursuant to 12 C.F.R. §1024.35(b)(11), one (1) such error for each of the RFIs to which PennyMac failed to respond.

December 10, 2018
Page 5



**Conclusion and Requested Actions:**

Based upon the foregoing, the Borrowers hereby allege that PennyMac has committed no less than ***three (3) errors*** in the servicing of the Borrowers' mortgage loan account.

Accordingly, please correct this error by providing the information requested in the RFIs Furthermore, state the effective date of such correction and provide contact information for further assistance. In the alternative, after conducting a reasonable investigation, provide the Borrowers, **through our firm**, with a notification that includes a statement that the servicer has determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrowers' right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrowers can request such documents and contact information for further assistance.

Best Regards,

Whitney E. Kaster, Esq.

Enclosures



**Illinois | New Jersey | New York | Ohio | Oregon**

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): _____ Kristen Becker _____ Fred stitsinger _____

Property Address: 8509 Forest Valley Drive  Cincinnati _____ 45247 _____

Mortgage Loan No.: __ 8002824835 _____

## Re:  Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____ Penny Mac _____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through
any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real
Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which
may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated
legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices
at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ KBecker _____ Date: ____ 09/18/2018 _____

Print Name: _____ Kristen Stitsinger Becke _____

Signed: _____ FS _____ Date: ____ 09/18/2018 _____

Print Name: _____ Fred Stitsinger _____

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100

 **Dann Law**   Illinois | New Jersey | New York | Ohio | Oregon

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5534]*

**In the Matter of:**

| | |
|---|---|
| Borrowers' Names: | Kristen Becker and Fred Stitsinger |
| Property Address: | 8509 Forest Valley Drive, Cincinnati, OH 45247 |
| Mortgage Account No.: | ████4835 |

***If responding to this correspondence by e-mail, please send to <u>notices@dannlaw.com</u>***

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrowers for this request to our law firm is enclosed herewith and incorporated herein by this reference.

Pursuant to 12 C.F.R. § 1024.36(c), you must provide our office with a written response acknowledging receipt of this notice ***within five (5) days*** of such, excluding legal public holidays, Saturdays, and Sundays.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested, *infra*, ***within thirty (30) days*** after your receipt of this request, excluding legal public holidays, Saturdays, and Sundays.

---



Please provide the following information within the time periods noted herein:

1. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan from January 10, 2014.

2. Copies of any and all broker's price opinions you performed or otherwise obtained for the above-referenced property in relation to the above-referenced mortgage loan.

3. The physical location of the original note related to the above-referenced mortgage loan.

4. A true and accurate copy of the original note related to the above-referenced mortgage loan.

5. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

6. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

7. A copy of an accurate and up-to-date reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default on the above-referenced loan as well as a date through which such amount is to remain good and valid.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100

2



**Dann Law**  Illinois | New Jersey | New York | Ohio | Oregon

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5503]*

**In the Matter of:**

| | |
|---|---|
| Borrowers' Names: | Kristen Becker and Fred Stitsinger |
| Property Address: | 8509 Forest Valley Drive, Cincinnati, OH 45247 |
| Mortgage Account No. | ████4835 |

**\*\*If responding to this correspondence by e-mail, please send to _notices@dannlaw.com_**

**RE: <u>Request for Information pursuant to 12 C.F.R. 1024.36</u>**

Dear Sir or Madam:

Our law firm represents the above-named debtors. This is a Request for Information related your servicing of the mortgage loan of the above-named borrowers. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the borrowers to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c), **_no later than five (5) days_** (excluding legal public holidays, Saturdays and Sundays), you must provide our office with a response to this Request acknowledging receipt of this information request.

Pursuant pursuant to Section 1024.36(d)(ii)(2)(B), you must respond **_not later than thirty (30) days_** (excluding legal public holidays, Saturdays and Sundays) after you receive this request for

---



information.

Please provide the following information within the time periods noted herein:

1. An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

2. An exact reproduction of the manually prepared XLS worksheet for the mortgage loan in this case prepared by one or more employees of the current mortgage servicer for the mortgage loan identified herein.

3. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider non-recoverable as against the obligors of the mortgage loan identified herein.

4. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider recoverable against the obligors of the mortgage loan identified herein.

5. All copies of property tax bills paid from July 2016 to present.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100



**Illinois | New Jersey | New York | Ohio | Oregon**

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5510]*

**In the Matter of:**

Borrowers' Names:    Kristen Becker and Fred Stitsinger
Property Address:    8509 Forest Valley Drive, Cincinnati, OH 45247
Mortgage Account No.:    █████4835

**\*\*If responding to this correspondence by e-mail, please send to _notices@dannlaw.com_**

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan (the "Loan"). All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrowers (the "Borrowers") for this Request to my law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(c), *within five (5) days* (excluding legal public holidays, Saturdays and Sundays) of your receipt of this request, you must provide our office with a written response acknowledging such receipt.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of this request.

---

Mailing Address                                          DannLaw.com
PO Box 6031040                                     [877] 475-8100
Cleveland, Ohio 44103

1



Please provide the following information within the time periods noted herein:

1.  Please state each date upon which you received a loss mitigation application, whether complete or incomplete, from the Borrowers in relation to the Loan from January 10, 2014 to the present.

2.  Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether any submitted loss mitigation application was complete or incomplete, and if incomplete, stating what documentation and/or information was necessary to complete such loss mitigation application.

3.  Please state each date during the period from January 10, 2014, to the present on which you received or otherwise came into possession of a complete loss mitigation application from the Borrowers. Please note that, pursuant to 12 C.F.R. § 1024.41(b)(1), a "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

4.  Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(c)(1)(ii) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to which loss mitigation options, if any, PennyMac would offer to the Borrowers on behalf of the owner or assignee of the mortgage.

5.  Please provide a copy of any written correspondence that you sent to the Borrowers notifying them that the Loan is eligible to be considered for the Home Affordable Modification Program. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether the owner or assignee of the mortgage allows the Loan to be considered for a modification under the Home Affordable Modification Program.

6.  Please provide a copy of all trial period payment plans, loan modification agreements, or loss mitigation agreements otherwise that PennyMac has offered to the Borrowers, regardless of whether they were accepted or rejected by the Borrowers.

---



7. Please state each date upon which you received an executed loss mitigation agreement from the Borrowers in relation to the Loan from January 10, 2014 to the present.

8. Please state each date upon which you received or otherwise came into possession of an appeal of loss mitigation eligibility from the Borrowers in relation to the Loan from January 10, 2014 to the present.

9. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(h)(4) in relation to the Loan from January 10, 2014 to the present. In other words, provide a copy of any written correspondence PennyMac sent to the Borrowers stating PennyMac's determination of whether PennyMac would offer the Borrowers a loss mitigation option based upon an appeal of PennyMac's denial of the Borrowers for eligibility under any loss mitigation option.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---

# USPS Tracking®

**FAQs ›** **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package ✛

**Tracking Number:** 70142120000306695534                    Remove ✕

Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

## ⊘ Delivered

October 3, 2018 at 4:33 pm
Delivered
LOS ANGELES, CA 90051

Get Updates ⌄

Feedback

---

**Text & Email Updates**                                             ⌄

---

**Tracking History**                                                 ⌃

**October 3, 2018, 4:33 pm**
Delivered
LOS ANGELES, CA 90051
Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

**October 3, 2018, 4:30 pm**
Arrived at Unit
LOS ANGELES, CA 90052

**October 3, 2018**
In Transit to Next Facility

**October 1, 2018, 7:41 am**
Arrived at USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER

USPS.com® - USPS Tracking® Results

**September 29, 2018, 7:59 am**
Departed USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**September 29, 2018, 12:45 am**
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

---

**Product Information**                                                    ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS's automated equipment.

app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo%

Feedback

# USPS Tracking®

## Track Another Package +

**Tracking Number:** 70142120000306695503

Remove ✕

Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

## ⊘ Delivered

October 3, 2018 at 4:33 pm
Delivered
LOS ANGELES, CA 90051

Get Updates ⌄

---

### Text & Email Updates                ⌄

---

### Tracking History                ⌃

**October 3, 2018, 4:33 pm**
Delivered
LOS ANGELES, CA 90051
Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

**October 3, 2018, 4:29 pm**
Arrived at Unit
LOS ANGELES, CA 90052

**October 3, 2018**
In Transit to Next Facility

**October 1, 2018, 7:41 am**
Arrived at USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER

**September 29, 2018, 7:59 am**
Departed USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**September 29, 2018, 12:45 am**
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

---

**Product Information**                                                        ⌄

---

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70142120000306695510

Remove ✕

Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

## ⊘ Delivered

October 3, 2018 at 4:33 pm
Delivered
LOS ANGELES, CA 90051

**Get Updates** ⌄

Feedback

---

### Text & Email Updates ⌄

---

### Tracking History ⌃

**October 3, 2018, 4:33 pm**
Delivered
LOS ANGELES, CA 90051
Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

**October 3, 2018, 4:30 pm**
Arrived at Unit
LOS ANGELES, CA 90052

**October 3, 2018**
In Transit to Next Facility

**October 1, 2018, 7:41 am**
Arrived at USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER

**September 29, 2018, 7:59 am**
Departed USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**September 29, 2018, 12:45 am**
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

---

**Product Information**  ⌄

---

**See Less** ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

**The easiest tracking number is the one you don't have to know.**

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

CERTIFIED MAIL

7015 1520 0001 6620 1911

$4.03$
US POSTAGE
FIRST-CLASS

071V00929391
44103
000023537

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051

Delivered
12-15-18

90051$4387 B902

 **Dann Law**    **Illinois | New Jersey | New York | Ohio | Oregon**

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

November 2, 2018

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0667 4942]*

**In the Matter of:**

    Borrowers' Names:     Kristen Becker and Fred Stitsinger
    Property Address:      8509 Forest Valley Drive, Cincinnati, OH 45347
    Mortgage Account No.: ▇▇▇▇▇4835

**\*\*If responding to this correspondence by e-mail, please send to *notices@dannlaw.com***

**Re: Notice of error pursuant to 12 C.F.R. §1024.35(b)(11) for failure to properly respond to a request for information as required by 12 C.F.R. §1024.36(d)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. §1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). The written authority of the above-referenced borrowers (the "Borrowers") for this notice to our law firm is enclosed and incorporated herein by this reference.

Pursuant to 12 C.F.R. §1024.35(d), you must send written notice acknowledging receipt of this notice *within five (5) business days.* Pursuant to 12 C.F.R. §1024.35(e)(3)(i)(C), you must send your response to this notice *within thirty (30) business days* of receipt.

Pursuant to 12 C.F.R. § 1024.35(b)(11), the term "error" refers to any error, not otherwise specified in 12 C.F.R. § 1024.35(b), committed in regards to the servicing of the consumer's mortgage loan.

**Notice of error pursuant to 12 C.F.R. §1024.35(b)(11) for failure to properly respond to a request for information as required by 12 C.F.R. §1024.36(d):**

12 C.F.R. §1024.36(d) provides:

---

Mailing Address:                                       DannLaw.com
PO Box 6031040                                      [877] 475-8100
Cleveland, Ohio 44103

1



(1) *Investigation and response requirements.*
    (i) Except as provided in paragraphs (e) and (f) of this section, a servicer must respond to an information request by either:
        (A) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
        (B) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.
    (ii) *Extension of time limit.* For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section.

(2) *Time Limits.*
    (i) *In general,* a servicer must comply with the requirements of paragraph (d)(1) of this section:
        (A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives ___***an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan***___ [emphasis added].

12 C.F.R. §1024.36(d)(2)(i)(A) explicitly acknowledges that a request for the "identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan" is a "Request for Information" pursuant to 12 C.F.R. §1024.36.

Further, 12 C.F.R. §1024.36(d)(2)(ii) provides that "[a] servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

On or about September 29, 2018, the Borrowers sent a letter captioned "Request for Information Pursuant to 12 C.F.R. §1024.36 and 15 U.S.C. §1641(f)(2)" (the "RFI") to PennyMac Loan Services, LLC ("Penny Mac") via U.S. Priority Mail [Receipt No. 7014 2120 0003 0669 5541]. A copy of the Request is enclosed for your reference and review.



The RFI was a "Request for Information" issued pursuant to 12 C.F.R. §1024.36 and 15 U.S.C. §1641(f)(2), as was explicitly stated within the caption of the RFI.

The RFI constituted a request that is governed by 12 C.F.R. §1024.36(d)(2)(i)(A) as the RFI requested:

1. The identity of and address for the current owner of the above-referenced mortgage loan.
    a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.
2. The identity of and address for the master servicer of the above-referenced mortgage loan.
3. The identity of and address for the current servicer of the above-referenced mortgage loan.

Penny Mac received the RFI on or before October 3, 2018. A copy of the tracking information from the United States Postal Service's website (www.usps.com) is enclosed for your reference and review. To date, our office has not received any written correspondence from Penny Mac containing or otherwise consisting of a substantive response to the RFI. If Penny Mac had sent such a response prior to the ten (10) business day deadline, our firm would have received a copy of such by the time of drafting the instant correspondence, regardless of any reasonable means by and through which Penny Mac may have sent such.

Penny Mac's actions in failing to respond to the RFI constitute a clear violation of 12 C.F.R. §1024.36(d). Penny Mac's actions, in violation of 12 C.F.R. §1024.36(d), constitute a clear, distinct, and separate error in the servicing of the Borrowers' mortgage loan account pursuant to 12 C.F.R §1024.35(b)(11).

**Conclusion and Requested Actions:**

Based upon the foregoing, the Borrowers hereby allege that Penny Mac has committed no less than ***one (1) error*** in the servicing of the Borrowers' mortgage loan account.

Accordingly, please correct this error by providing the information requested in the Request. Furthermore, state the effective date of such correction and provide contact information for further assistance. In the alternative, after conducting a reasonable investigation and providing the Borrowers, **through our firm**, with a notification that includes a statement that the servicer has determined



that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrowers' right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrowers can request such documents and contact information for further assistance.

Sincerely,

Whitney E. Kaster, Esq.

Enclosures

 **Dann Law**   Illinois | New Jersey | New York | Ohio | Oregon

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5541]*

**In the Matter of:**

| | |
|---|---|
| Borrowers' Names: | Kristen Becker and Fred Stitsinger |
| Property Address: | 8509 Forest Valley Drive, Cincinnati, OH 45247 |
| Mortgage Account No.: | ████4835 |

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com***

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrowers for this Request to our law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this Request no later than ***ten (10) days*** after your receipt of such, excluding legal public holidays, Saturdays, and Sundays.

Please provide the following information within the time periods noted herein:

1. The name, address, and appropriate contact information for the current owner or assignee of the above-referenced mortgage loan.

---



    a.  If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

2.  The identity of and address for the master servicer of the above-referenced mortgage loan.

3.  The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised this request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA).  For each violation of TILA, you may be liable to the borrowers for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Best Regards,

*Whitney E. Kaster*

Whitney E. Kaster, Esq.

Enclosure

---

10/26/2018             USPS.com® - USPS Tracking® Results

# USPS Tracking®

**FAQs ›** **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package **+**

**Tracking Number:** 70142120000306695541      Remove ✕

Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

## ⊘ Delivered

October 3, 2018 at 4:33 pm
Delivered
LOS ANGELES, CA 90051

Get Updates ⌄

Feedback

---

**Text & Email Updates**            ⌄

---

**Tracking History**            ⌃

**October 3, 2018, 4:33 pm**
Delivered
LOS ANGELES, CA 90051
Your item was delivered at 4:33 pm on October 3, 2018 in LOS ANGELES, CA 90051.

---

**October 3, 2018, 4:29 pm**
Arrived at Unit
LOS ANGELES, CA 90052

---

**October 3, 2018**
In Transit to Next Facility

---

**October 1, 2018, 7:41 am**
Arrived at USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER

---

10/26/2018                                    USPS.com® - USPS Tracking® Results

**September 29, 2018, 7:59 am**
Departed USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**September 29, 2018, 12:45 am**
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

---

**Product Information** ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**



CERTIFIED MAIL

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103

7014 2120 0003 0667 4942

$4.03⁰
US POSTAGE
FIRST-CLASS

071V00929391
44103
000023103

PennyMac Loan Services, LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051

90051-438787

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT



**Dann Law**    Illinois | New Jersey | New York | Ohio | Oregon

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5541]*

**In the Matter of:**

  Borrowers' Names:    Kristen Becker and Fred Stitsinger
  Property Address:     8509 Forest Valley Drive, Cincinnati, OH 45247
  Mortgage Account No.:  ███4835

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com***

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrowers for this Request to our law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this Request no later than ***ten (10) days*** after your receipt of such, excluding legal public holidays, Saturdays, and Sundays.

Please provide the following information within the time periods noted herein:

1. The name, address, and appropriate contact information for the current owner or assignee of the above-referenced mortgage loan.



      a.  If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

2.  The identity of and address for the master servicer of the above-referenced mortgage loan.

3.  The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised this request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA). For each violation of TILA, you may be liable to the borrowers for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Best Regards,

*Whitney E. Kaster*

Whitney E. Kaster, Esq.

Enclosure

---



**Dann Law**     Illinois | New Jersey | New York | Ohio | Oregon

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): _____ Kristen Becker _____ Fred stitsinger _____

Property Address: 8509 Forest Valley Drive  Cincinnati _____ 45247 _____

Mortgage Loan No.: _____4835 _____

Re:    **Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____ Penny Mac _____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____KBecker_____ Date: ____09/18/2018_____

Print Name: _____Kristen Stitsinger Becke_____

Signed: _____ Date: ____09/18/2018_____

Print Name: _____Fred Stitsinger_____

# ▽ HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20180906-17-126wxnd.pdf |
| **DOCUMENT ID** | ca85b710d66023c6bde3ac82f858110bd9ec7d5d |
| **STATUS** | ● Completed |

**This document was requested and signed on lexicata.com**

## Document History

| | | |
|---|---|---|
| ⚊ SIGNED | **09/13/2018** 09:50:10 UTC-5 | Signed by Antonette Scharsu (antonette@dannlaw.com) IP: 162.254.153.226 |
| ⟲ SENT | **09/13/2018** 09:50:14 UTC-5 | Sent for signature to Kristen Becker (stitsikl@yahoo.com) from antonette@dannlaw.com IP: 162.254.153.226 |
| 👁 VIEWED | **09/17/2018** 08:21:35 UTC-5 | Viewed by Kristen Becker (stitsikl@yahoo.com) IP: 24.166.249.155 |
| ⚊ SIGNED | **09/18/2018** 21:12:13 UTC-5 | Signed by Kristen Becker (stitsikl@yahoo.com) IP: 24.166.249.155 |
| ☑ COMPLETED | **09/18/2018** 21:12:13 UTC-5 | The document has been completed. |

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103



CERTIFIED MAIL

7014 2120 0003 0669 5541

$3.82⁰
**US POSTAGE**
FIRST-CLASS

071V00929391
44103
000022663

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387



**Illinois | New Jersey | New York | Ohio | Oregon**

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5534]*

**In the Matter of:**

    Borrowers' Names:    Kristen Becker and Fred Stitsinger
    Property Address:    8509 Forest Valley Drive, Cincinnati, OH 45247
    Mortgage Account No.:    ██████4835

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com***

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrowers for this request to our law firm is enclosed herewith and incorporated herein by this reference.

Pursuant to 12 C.F.R. § 1024.36(c), you must provide our office with a written response acknowledging receipt of this notice ***within five (5) days*** of such, excluding legal public holidays, Saturdays, and Sundays.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested, *infra*, ***within thirty (30) days*** after your receipt of this request, excluding legal public holidays, Saturdays, and Sundays.

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100

1



Please provide the following information within the time periods noted herein:

1. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan from January 10, 2014.

2. Copies of any and all broker's price opinions you performed or otherwise obtained for the above-referenced property in relation to the above-referenced mortgage loan.

3. The physical location of the original note related to the above-referenced mortgage loan.

4. A true and accurate copy of the original note related to the above-referenced mortgage loan.

5. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

6. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

7. A copy of an accurate and up-to-date reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default on the above-referenced loan as well as a date through which such amount is to remain good and valid.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100



**Illinois | New Jersey | New York | Ohio | Oregon**

Telephone: 216-373-0539
Facsimile. 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): _Kristen Becker_      _Fred stitsinger_

Property Address: _8509 Forest Valley Drive  Cincinnati_      _45247_

Mortgage Loan No.: _████4835_

### Re:    Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____**Penny Mac**_____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _KBecker_      Date: _09/18/2018_

Print Name: _Kristen Stitsinger Becke_

Signed: _FS_      Date: _09/18/2018_

Print Name: _Fred Stitsinger_

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20180906-17-126wxnd.pdf |
| **DOCUMENT ID** | ca85b710d66023c6bde3ac82f858110bd9ec7d5d |
| **STATUS** | ○ Completed |

This document was requested and signed on lexicata.com

## Document History

| | | |
|---|---|---|
| ↙ SIGNED | **09/13/2018** 09:50:10 UTC-5 | Signed by Antonette Scharsu (antonette@dannlaw.com) IP: 162.254.153.226 |
| ↗ SENT | **09/13/2018** 09:50:14 UTC-5 | Sent for signature to Kristen Becker (stitsikl@yahoo.com) from antonette@dannlaw.com IP: 162.254.153.226 |
| 👁 VIEWED | **09/17/2018** 08:21:35 UTC-5 | Viewed by Kristen Becker (stitsikl@yahoo.com) IP: 24.166.249.155 |
| ↙ SIGNED | **09/18/2018** 21:12:13 UTC-5 | Signed by Kristen Becker (stitsikl@yahoo.com) IP: 24.166.249.155 |
| ✓ COMPLETED | **09/18/2018** 21:12:13 UTC-5 | The document has been completed. |

**CERTIFIED MAIL**

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103



7014 2120 0003 0669 5534

$3.62
US POSTAGE
FIRST-CLASS

071V00929391
44103
000022661




PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387



**Illinois | New Jersey | New York | Ohio | Oregon**

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*\*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5503]*

**In the Matter of:**

Borrowers' Names:      Kristen Becker and Fred Stitsinger
Property Address:       8509 Forest Valley Drive, Cincinnati, OH 45247
Mortgage Account No.      ████4835

**\*\*If responding to this correspondence by e-mail, please send to *notices@dannlaw.com*****

**RE: Request for Information pursuant to 12 C.F.R. 1024.36**

Dear Sir or Madam:

Our law firm represents the above-named debtors. This is a Request for Information related your servicing of the mortgage loan of the above-named borrowers. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the borrowers to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c), ***no later than five (5) days*** (excluding legal public holidays, Saturdays and Sundays), you must provide our office with a response to this Request acknowledging receipt of this information request.

Pursuant pursuant to Section 1024.36(d)(ii)(2)(B), you must respond ***not later than thirty (30) days*** (excluding legal public holidays, Saturdays and Sundays) after you receive this request for

---



information.

Please provide the following information within the time periods noted herein:

1. An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

2. An exact reproduction of the manually prepared XLS worksheet for the mortgage loan in this case prepared by one or more employees of the current mortgage servicer for the mortgage loan identified herein.

3. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider non-recoverable as against the obligors of the mortgage loan identified herein.

4. A detailed summary of all corporate advances made against the mortgage loan identified herein that you consider recoverable against the obligors of the mortgage loan identified herein.

5. All copies of property tax bills paid from July 2016 to present.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Dann Law**

Illinois | New Jersey | New York | Ohio | Oregon

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): ___ Kristen Becker ___ Fred stitsinger ___

Property Address: 8509 Forest Valley Drive  Cincinnati ___ 45247 ___

Mortgage Loan No.: ___ 4835 ___

**Re:     Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for ___ Penny Mac ___, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: ___ KBecker ___ Date: ___ 09/18/2018 ___

Print Name: ___ Kristen Stitsinger Becke ___

Signed: ___ FS ___ Date: ___ 09/18/2018 ___

Print Name: ___ Fred Stitsinger ___

**HELLOSIGN**                                                    Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20180906-17-126wxnd.pdf |
| **DOCUMENT ID** | ca85b710d66023c6bde3ac82f858110bd9ec7d5d |
| **STATUS** | ● Completed |

**This document was requested and signed on lexicata.com**

## Document History

| | | |
|---|---|---|
| **SIGNED** | **09/13/2018**<br>09:50:10 UTC-5 | Signed by Antonette Scharsu (antonette@dannlaw.com)<br>IP: 162.254.153.226 |
| **SENT** | **09/13/2018**<br>09:50:14 UTC-5 | Sent for signature to Kristen Becker (stitsikl@yahoo.com)<br>from antonette@dannlaw.com<br>IP: 162.254.153.226 |
| **VIEWED** | **09/17/2018**<br>08:21:35 UTC-5 | Viewed by Kristen Becker (stitsikl@yahoo.com)<br>IP: 24.166.249.155 |
| **SIGNED** | **09/18/2018**<br>21:12:13 UTC-5 | Signed by Kristen Becker (stitsikl@yahoo.com)<br>IP: 24.166.249.155 |
| **COMPLETED** | **09/18/2018**<br>21:12:13 UTC-5 | The document has been completed. |

**CERTIFIED MAIL®**

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH  44103



$3.82⁰
**US POSTAGE**
**FIRST-CLASS**

071V00929391
44103
000022662

7014 2120 0003 0669 5503



PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

 **Dann Law**    **Illinois | New Jersey | New York | Ohio | Oregon**

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5510]*

**In the Matter of:**

    Borrowers' Names:      Kristen Becker and Fred Stitsinger
    Property Address:      8509 Forest Valley Drive, Cincinnati, OH 45247
    Mortgage Account No.: ▆▆▆▆4835

***If responding to this correspondence by e-mail, please send to <u>notices@dannlaw.com</u>**

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan (the "Loan"). All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrowers (the "Borrowers") for this Request to my law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(c), *within five (5) days* (excluding legal public holidays, Saturdays and Sundays) of your receipt of this request, you must provide our office with a written response acknowledging such receipt.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of this request.

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100



Please provide the following information within the time periods noted herein:

1. Please state each date upon which you received a loss mitigation application, whether complete or incomplete, from the Borrowers in relation to the Loan from January 10, 2014 to the present.

2. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether any submitted loss mitigation application was complete or incomplete, and if incomplete, stating what documentation and/or information was necessary to complete such loss mitigation application.

3. Please state each date during the period from January 10, 2014, to the present on which you received or otherwise came into possession of a complete loss mitigation application from the Borrowers. Please note that, pursuant to 12 C.F.R. § 1024.41(b)(1), a "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

4. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(c)(1)(ii) in relation to the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to which loss mitigation options, if any, PennyMac would offer to the Borrowers on behalf of the owner or assignee of the mortgage.

5. Please provide a copy of any written correspondence that you sent to the Borrowers notifying them that the Loan is eligible to be considered for the Home Affordable Modification Program. In other words, please provide a copy of any written correspondence PennyMac sent to the Borrowers notifying the Borrowers as to whether the owner or assignee of the mortgage allows the Loan to be considered for a modification under the Home Affordable Modification Program.

6. Please provide a copy of all trial period payment plans, loan modification agreements, or loss mitigation agreements otherwise that PennyMac has offered to the Borrowers, regardless of whether they were accepted or rejected by the Borrowers.



7. Please state each date upon which you received an executed loss mitigation agreement from the Borrowers in relation to the Loan from January 10, 2014 to the present.

8. Please state each date upon which you received or otherwise came into possession of an appeal of loss mitigation eligibility from the Borrowers in relation to the Loan from January 10, 2014 to the present.

9. Please provide a copy of any written correspondence that you sent to the Borrowers pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(h)(4) in relation to the Loan from January 10, 2014 to the present. In other words, provide a copy of any written correspondence PennyMac sent to the Borrowers stating PennyMac's determination of whether PennyMac would offer the Borrowers a loss mitigation option based upon an appeal of PennyMac's denial of the Borrowers for eligibility under any loss mitigation option.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Illinois | New Jersey | New York | Ohio | Oregon**

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): _____ Kristen Becker        Fred stitsinger _____

Property Address: 8509 Forest Valley Drive  Cincinnati _____ 45247 _____

Mortgage Loan No.: _____ 4835 _____

### Re:    Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____ Penny Mac _____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through
any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real
Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which
may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated
legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices
at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ *KBecker* _____ Date: ___ 09/18/2018 _____

Print Name: _____ Kristen Stitsinger Becke _____

Signed: _____ *FS* _____ Date: ___ 09/18/2018 _____

Print Name: _____ Fred Stitsinger _____

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100

**▼ HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20180906-17-126wxnd.pdf |
| **DOCUMENT ID** | ca85b710d66023c6bde3ac82f858110bd9ec7d5d |
| **STATUS** | ◉ Completed |

**This document was requested and signed on lexicata.com**

## Document History

| | | |
|---|---|---|
| **SIGNED** | **09/13/2018**<br>09:50:10 UTC-5 | Signed by Antonette Scharsu (antonette@dannlaw.com)<br>IP: 162.254.153.226 |
| **SENT** | **09/13/2018**<br>09:50:14 UTC-5 | Sent for signature to Kristen Becker (stitsikl@yahoo.com)<br>from antonette@dannlaw.com<br>IP: 162.254.153.226 |
| **VIEWED** | **09/17/2018**<br>08:21:35 UTC-5 | Viewed by Kristen Becker (stitsikl@yahoo.com)<br>IP: 24.166.249.155 |
| **SIGNED** | **09/18/2018**<br>21:12:13 UTC-5 | Signed by Kristen Becker (stitsikl@yahoo.com)<br>IP: 24.166.249.155 |
| **COMPLETED** | **09/18/2018**<br>21:12:13 UTC-5 | The document has been completed. |

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103



7014 2120 0003 0669 5510

$3.82⁰
US POSTAGE
FIRST-CLASS

071V00929391
44103
000022659

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

 **Dann Law**    **Illinois | New Jersey | New York | Ohio | Oregon**

September 26, 2018

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

*Sent via Certified Mail return receipt requested [7014 2120 0003 0669 5527]*

**In the Matter of:**

　　Borrowers' Names:　　Kristen Becker and Fred Stitsinger
　　Property Address:　　8509 Forest Valley Drive, Cincinnati, OH 45247
　　Mortgage Account No.:　　████4835

**\*\*If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

**Re: Request for Payoff Statement Pursuant to 12 C.F.R. § 1026.36(c)(3)**

Dear Sir or Madam:

This is a written request for a payoff statement related to the above-referenced mortgage loan account for which you are the servicer.

All references herein are to Regulation Z of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority from the above-referenced borrowers to our law firm for this correspondence is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a

---

Mailing Address
PO Box 6031040
Cleveland, Ohio 44103

DannLaw.com
[877] 475-8100



specified date" ***within a reasonable time*** after receipt of this request.  Under no circumstances are you to fail to provide the requested payoff statement ***within seven business days*** of receipt of this request.

Best Regards,

Whitney E. Kaster, Esq.

Enclosure



**Illinois | New Jersey | New York | Ohio | Oregon**

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): ___Kristen Becker_____ ___Fred stitsinger_____

Property Address: 8509 Forest Valley Drive  Cincinnati                              45247

Mortgage Loan No.: __████4835_____

### Re: Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
_____Penny Mac_____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through
any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real
Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which
may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated
legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices
at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: ___KBecker_____ Date: ___09/18/2018_____

Print Name: ___Kristen Stitsinger Becke_____

Signed: ___JS_____ Date: ___09/18/2018_____

Print Name: ___Fred Stitsinger_____

▽ **HELLOSIGN**                                            Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20180906-17-126wxnd.pdf |
| **DOCUMENT ID** | ca85b710d66023c6bde3ac82f858110bd9ec7d5d |
| **STATUS** | ● Completed |

This document was requested and signed on lexicata.com

## Document History

| | | |
|---|---|---|
| ⊬ SIGNED | **09/13/2018** 09:50:10 UTC-5 | Signed by Antonette Scharsu (antonette@dannlaw.com) IP: 162.254.153.226 |
| ⟲ SENT | **09/13/2018** 09:50:14 UTC-5 | Sent for signature to Kristen Becker (stitsikl@yahoo.com) from antonette@dannlaw.com IP: 162.254.153.226 |
| ◉ VIEWED | **09/17/2018** 08:21:35 UTC-5 | Viewed by Kristen Becker (stitsikl@yahoo.com) IP: 24.166.249.155 |
| ⊬ SIGNED | **09/18/2018** 21:12:13 UTC-5 | Signed by Kristen Becker (stitsikl@yahoo.com) IP: 24.166.249.155 |
| ⊘ COMPLETED | **09/18/2018** 21:12:13 UTC-5 | The document has been completed. |

CERTIFIED MAIL

The Dann Law Firm Co., LPA
P. O. Box 6031040
Cleveland, OH 44103



7014 2120 0003 0669 5527

$3.82⁰
**US POSTAGE**
FIRST-CLASS

071V00929391
44103
000022660

PennyMac Loan Services,LLC
Attention: Correspondence Unit
PO Box 514387
Los Angeles, CA 90051-4387

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **6th** day of **February, 2015** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to **NVR Mortgage Finance, Inc.**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at: **8509 Forest Valley Drive, Cincinnati, OH  45247**

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in **The Deed, The Declaration of Covenants, Conditions and Restrictions.**

(the "Declaration"). The Property is a part of a planned unit development known as

**Stone Ridge Estates**

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

███1167                                                             ███1167

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3150 1/01

Wolters Kluwer Financial Services         Page 1 of 3         Initials:

VMP®-7R (0811)

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®-7R (0811)          Page 2 of 3          Initials:          Form 3150 1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)   _____ (Seal)
Kristen L Stitsinger        -Borrower   Frederick Stitsinger      -Borrower

_____ (Seal)   _____ (Seal)
                            -Borrower   Barbara S. Stitsinger      -Borrower

_____ (Seal)   _____ (Seal)
                            -Borrower                             -Borrower

_____ (Seal)   _____ (Seal)
                            -Borrower                             -Borrower

████1167                                                         ████1167
MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®-7R (0811)                   Page 3 of 3                   Form 3150 1/01

Exhibit 'A'

Situated in the County of Hamilton in the State of Ohio and in the Township of Colerain:

Entire Lot No. NINETY-SIX ( 96 ) in Stone Ridge Estates, Section Three (3), Block "B", a subdivision located in Sections 26 and 32, Town 2, Range 1, Colerain Township, Hamilton County, Ohio.

The Plat of said Subdivision is located in Plat Book 442, Pages 83 thru 84 of the Recorder's Records of Hamilton County, Ohio.

Parcel No.      510-0344-0090-00

(15-00104.PFD/15-00104/16)

**HUD 1 Itemization**

Customer Name:  Kristin L. Stitsinger & Frederick Stitsinger

8509 Forest Valley Drive

Property Address:  Cincinnati, OH 45247

CDS Number:  CF2784

**Included in 1101   Title Services and Lenders Title Insurance**

| HUD Line # | Fee/Field | Payee | Amount | |
|---|---|---|---|---|
| 1102 | Settlement Fee | First NVR Settlement Services, LLC | | |
| 1110 | Binder Fee | First NVR Settlement Services, LLC | $ | 50.00 |
| 1109 | Abstract/Title Search Fee | First NVR Settlement Services, LLC | $ | 185.00 |
| 1104 | Lender's Title Insurance Policy | First NVR Settlement Services, LLC | $ | 908.75 |
| 1104 | Endorsements | First NVR Settlement Services, LLC | $ | 275.00 |
| | | | | |
| | | **Total Line 1101 - Title Services and Lenders Title Insurance** | **$** | **1,418.75** |
| 1103 | Owners Title Insurance Policy | First NVR Settlement Services, LLC | | |

**Total Fees (1101 & 1103)**          **$       1,418.75**

**Excluded Fees (Not Retained by Agent)**

| HUD Line # | Fee/Field | Payee | Amount | |
|---|---|---|---|---|
| 1108 | Underwriters Portion of Title Insurance Premi | Stewart Title Guaranty Company | $ | 118.38 |
| 1109 | | | | |
| 1110 | | | | |
| 1111 | | | | |
| | | | | |
| | | | | |
| | | **Total Excluded Fees** | **$** | **118.38** |

**Total Agent Fees**          **$       1,300.37**

## GENERAL WARRANTY DEED*
### *SURVIVORSHIP*

15-00104

_____ NVR, INC., a Virginia Corporation _____, a corporation organized and existing under

the laws of the State of ____Virginia____ for valuable consideration paid, grants, with general warranty

covenants, to _Kristen L. Stitsinger, unmarried and Frederick Stitsinger, married_

*For their joint lives, the remainder to the survivor of them,* whose tax mailing address is:

_____ 8509 Forest Valley Drive, Cincinnati, OH 45247 _____

the following **REAL PROPERTY:**

### *See Exhibit "A" Attached hereto*

*The above described real estate being subject to all Easements and Restrictions of record, matters of Zoning, Real Estate Taxes and Assessments not yet due and payable and all Legal Highways.*

**Prior Instrument Reference:** Official Record Book 12753, Page 169 of the

Deed Records of _____Hamilton_____ County, Ohio.

IN WITNESS WHEREOF, Grantor has caused its corporate name to be subscribed hereto by

_Thomas Lofquist_ , its **Vice President**, and **Sherry Rehage** , its **Assistant Secretary** , thereunto duly

authorized by resolution of its board of directors, this ____6th____ day of __February__ , 20_15_ .

NVR, INC., a Virginia Corporation

**Thomas Lofquist, Vice President**

'Sherry Rehage, Assistant Secretary

*State of Ohio*      *County of* _____WARREN_____ ss.

BE IT REMEMBERED, That on this ____6th____ day of __February__ , 20 _15_, before me, the subscriber, a *Notary Public* in and for said State, personally came **Thomas Lofquist, Vice President** and **Sherry Rehage, Assistant Secretary,** of the Grantor in the foregoing Deed, and acknowledged the signing thereof to be their and its voluntary act and deed, pursuant to authority of its board of directors.

IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

GREGORY A. WEHMEYER
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES
2-18-2017

*Notary Public*

*This instrument was prepared by:* **NVR, Inc., a Virginia Corp., 8612 Jacquemin Dr. West Chester, OH 45069**

* See Sections 5302.05 and 5302.06 of the Revised Code of Ohio.

Exhibit 'A'

Situated in the County of Hamilton in the State of Ohio and in the Township of Colerain:

Entire Lot No. NINETY-SIX ( 96 ) in Stone Ridge Estates, Section Three (3), Block "B", a subdivision located in Sections 26 and 32, Town 2, Range 1, Colerain Township, Hamilton County, Ohio.

The Plat of said Subdivision is located in Plat Book 442, Pages 83 thru 84 of the Recorder's Records of Hamilton County, Ohio.

Parcel No.    510-0344-0090-00

(15-00104.PFD/15-00104/16)

STREET ADDRESS: 8509 FOREST VALLEY DRIVE
CITY OR VILLAGE:
TOWNSHIP: COLERAIN
COUNTY: HAMILTON
STATE: OHIO
PLAT NAME: STONE RIDGE ESTATES SECTION 3-B

LOT NUMBER: 96
PLAT BOOK: 442
PAGES: 84

LENDER: NVR MORTGAGE





15  0  15  30  45

C1
R=525.00'
L=6664'

WE HEREBY CERTIFY THAT THIS SURVEY SHOWS THE IMPROVEMENT OR IMPROVEMENTS AS LOCATED ON THE PREMISES DESCRIBED, THAT THE IMPROVEMENT OR IMPROVEMENTS ARE ENTIRELY WITHIN LOT LINES, AND THAT THERE ARE NO ENCROACHMENTS UPON THE PREMISES DESCRIBED BY THE IMPROVEMENT OR IMPROVEMENTS OF ANY ADJOINING PREMISES EXCEPT AS SHOWN.

NOTE:  THIS IS A MORTGAGE LOCATION SURVEY PREPARED IN ACCORDANCE WITH CHAPTER 4733-38 OF THE ADMINISTRATIVE CODE. IT IS NOT A BOUNDARY SURVEY PURSUANT TO CHAPTER 4733-37 OF SAID CODE. DO NOT USE TO ESTABLISH FENCE LINES OR BUILDING LINES. THIS CERTIFICATION DOES NOT INCLUDE EXISTING FENCES.

*STATE OF OHIO*
*KENNETH R. COMBS 7311*
*REGISTERED PROFESSIONAL SURVEYOR*

Kenneth R. Combs                    1-27-15
KENNETH R. COMBS
OHIO PROFESSIONAL SURVEYOR NO. 7311
PROJECT No. STONERIDGEEST        DWG No. 141196PM

DATE: 1-27-15                                              EXHIBIT "A"

MORTGAGE LOCATION SURVEY
LOT 96
STONE RIDGE ESTATES SECTION 3-B
COLERAIN TOWNSHIP
HAMILTON COUNTY, OHIO

SCALE: 1"=30'    |    DRAWN: DWM    |    CHECKED: KC



APEX ENGINEERING & SURVEYING, INC.
1068 NORTH UNIVERSITY BLVD.    MIDDLETOWN, OHIO  45042
PH.−(513) 424−5202 OR (513) 932−8991    FAX − (513) 424−6202



Return To:
**First NVR Settlement Services LLC**
**1900 W Stanfield Road, Troy, OH  45373**

———————————— [Space Above This Line For Recording Data] ————————————

15-00104           # MORTGAGE

MIN ██████████████████

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated **February 06, 2015** ,
together with all Riders to this document.

(B) **"Borrower"** is **Kristen L Stitsinger, unmarried and Frederick Stitsinger and Barbara S. Stitsinger, husband and wife**

Borrower is the mortgagor under this Security Instrument.

(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) **"Lender"** is **NVR Mortgage Finance, Inc.**

██████ 167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS
VMP ®
Wolters Kluwer Financial Services

██████1 167

Form 3036 1/01
VMP6A(OH) (1302)
Page 1 of 18

Lender is a **Corporation**
organized and existing under the laws of **The State of Virginia**
Lender's address is **555 Southpointe Blvd., Suite 300, Canonsburg, PA 15317**

(E) "Note" means the promissory note signed by Borrower and dated **February 06, 2015**
The Note states that Borrower owes Lender **Two Hundred Forty Four Thousand Sixty Four And Zero/100** Dollars
(U.S. $ **244,064.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **March 01, 2045** .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

1167                                                                                  1167
OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                    Form 3036 1/01
VMP ®                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                              Page 2 of 18

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the
County of Hamilton :
[Type of Recording Jurisdiction] [Name of Recording Jurisdiction]
**See Attached Exhibit A**

| | |
|---|---|
| Parcel ID Number: **510-0344-0090-00** | which currently has the address of |
| **8509 Forest Valley Drive** | [Street] |
| **Cincinnati** | [City], Ohio **45247** [Zip Code] |
| ("Property Address"): | |

1167                                                          1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                    Form 3036 1/01
VMP ®                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                  Page 3 of 18

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

| ▆▆▆▆1167 | ▆▆▆▆1167 |
|---|---|

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS
VMP ®
Wolters Kluwer Financial Services

Form 3036 1/01
VMP6A(OH) (1302)
Page 4 of 18

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can

1167                                                                                     1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                    Form 3036 1/01
VMP ®                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                Page 5 of 18

Page 5

require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.

███1167                                                                    ███1167
OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                   Form 3036 1/01
VMP ®                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                             Page 6 of 18

This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance

1167                                                                                                          1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                                    Form 3036 1/01
VMP®                                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                                Page 7 of 18

proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

---

███ 167                                                        ███ 167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                          Form 3036 1/01
VMP ®                                                VMP6A(OH) (1302)
Wolters Kluwer Financial Services                    Page 8 of 18

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage

███████ 1167                                                                    ███████ 1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                          Form 3036 1/01
VMP ®                                                                 VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                     Page 9 of 18

Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) **Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such

█████ 1167                                                                    █████ 1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                    Form 3036 1/01
VMP ®                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                              Page 10 of 18

Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower

██████ 1167                                                                                    ██████ 1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                                Form 3036 1/01
VMP ®                                                                            VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                               Page 11 of 18

or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's

167                                                                                              167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                      Form 3036 1/01
VMP ®                                                            VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                      Page 12 of 18

notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

1167                                                                                          1167
OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                          Form 3036 1/01
VMP®                                                                 VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                     Page 13 of 18

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and

167                                                                                      167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                    Form 3036 1/01
VMP ®                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                                Page 14 of 18

Page 14

opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the**

1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS
VMP ®
Wolters Kluwer Financial Services

1167

Form 3036 1/01
VMP6A(OH) (1302)
Page 15 of 18

Page 15

default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Certain Other Advances.** In addition to any other sum secured hereby, this Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced or paid by Lender to or for the account and benefit of Borrower, after this Security Instrument is delivered to and filed with the Recorder's Office, **Hamilton**
County, Ohio, for recording. Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property, including to cure Borrower's defaults by making any such payments which Borrower should have paid as provided in this Security Instrument, it being intended by this Section 24 to acknowledge, affirm and comply with the provision of Section 5301.233 of the Revised Code of Ohio.

███ 1167                                                                ███ 1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                                 Form 3036 1/01
VMP®                                                         VMP6A(OH) (1302)
Wolters Kluwer Financial Services                            Page 16 of 18

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _Kristen L Stitsinger_____ (Seal)
                                          Kristen L Stitsinger        -Borrower

_____          _Frederick Stitsinger_____ (Seal)
                                          Frederick Stitsinger        -Borrower

_____ (Seal)           _Barbara S. Stitsinger_____ (Seal)
                        -Borrower         Barbara S. Stitsinger        -Borrower

_____ (Seal)           _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)           _____ (Seal)
                        -Borrower                                -Borrower

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                          Form 3036 1/01
VMP®                                                 VMP6A(OH) (1302)
Wolters Kluwer Financial Services                    Page 17 of 18

**STATE OF OHIO,**     Hamilton                    County ss:

This instrument was acknowledged before me this 6th       day of February, 2015      by Kristen L Stitsinger , unmarried and Frederick and Barbara S. Stitsinger, husband and wife.

My Commission Expires:

Lauralee M. Nadaud
Notary Public, State of Ohio
My Commission Expires 7-19-15

Notary Public

This instrument was prepared by Pearline Sebron

Loan origination organization NVR Mortgage Finance, Inc.
NMLS ID 1127
Loan originator Robin Kinnaman
NMLS ID 655478

1167                                                                      1167

OHIO-Single Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT WITH MERS                              Form 3036 1/01
VMP®                                                          VMP6A(OH) (1302)
Wolters Kluwer Financial Services                              Page 18 of 18