# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-14303-CV-MIDDLEBROOKS

TIMOTHY D. WILLSON,

      Plaintiff,

v.

BANK OF AMERICA, N.A.,

      Defendant.

_____/

**ORDER GRANTING MOTION TO RECONSIDER AND GRANTING RENEWED
MOTION FOR ABSTENTION**

THIS CAUSE comes before the Court on Plaintiff Timothy D. Willson's ("Plaintiff")
Motion to Reconsider Order on Defendant's Motion to Dismiss and Motion for Summary
Judgment ("Motion to Reconsider") (DE 114), and Defendant Bank of America, N.A.'s
("Defendant") Renewed Motion for Abstention ("Motion for Abstention") (DE 113), both filed
on April 30, 2018. Defendant responded to Plaintiff's Motion to Reconsider on May 14, 2018
(DE 115), and Plaintiff did not file any reply. Plaintiff responded to Defendant's Motion for
Abstention on May 14, 2018 (DE 116), and Defendant replied on May 24, 2018 (DE 117). For
reasons stated below, Plaintiff's Motion to Reconsider is granted, and Defendant's Motion for
Abstention is granted.

I.   **BACKGROUND**

This case arises out of alleged violations of the Real Estate Settlement Procedures Act
("RESPA"), 12 U.S.C. § 2601, *et seq.* and its Regulation X. Plaintiff asserts numerous claims
under Regulation X related to Defendant's allegedly improper conduct in the fourth foreclosure

action initiated against Plaintiff in Florida state court ("Foreclosure Court"), for which final judgment of foreclosure was entered on January 12, 2015. (DE 15 (hereinafter "Compl.")).

It is not necessary to delineate the entire nearly-three-year saga of this case, originally filed on August 27, 2015. (DE 1). Our story begins with the Court's Order on Defendant's Motion to Dismiss and Motion for Summary Judgment (the "Summary Judgment Order"), entered on May 2, 2016. (DE 72). I granted summary judgment for Defendant on Counts III, IV, V, and VI, and as to damages for emotional damages, statutory damages, and punitive damages. (*Id.* at 21). I denied summary judgment as to Counts I and II, which then became the only remaining counts in this suit. The counts involved Defendant's failure to respond to Plaintiff's loan-modification application allegedly submitted via email on November 4, 2014, under 12 C.F.R. 1024.41(b)(2) (Count I), and Defendant proceeding with the foreclosure trial despite a pending loan-modification application under 12 C.F.R. § 1024.21(g) (Count II). (*Id.*).

With trial approaching on May 31, 2016, I granted Defendant's Motion for the Court's Abstention from Exercising Jurisdiction ("Abstention Order") (DE 97) on May 23, 2016. I abstained from exercising jurisdiction over Counts I and II based on the *Colorado River*[1] doctrine pending final resolution of the concurrent state foreclosure case that involved the same parties and substantially the same issues. (DE 97 at 5, 6, 11 (citing *Timothy Willson v. Bank of America*, 4D15-552 (Fla. 4th DCA 2015)). I stayed this action pending the adjudication of Plaintiff's appeal in state court of (1) the foreclosure judgment and (2) the denial of his state court motion for rehearing on the foreclosure judgment. (*Id.* at 11; DE 113 at 3, Ex. 5). I ordered the Parties to file "[a]ny motion to lift the stay . . . within 20 days of the resolution of the state foreclosure action." (*Id.* at 11).

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

On June 17, 2016, Plaintiff appealed the Court's Abstention Order. (DE 98). In a written opinion, the Eleventh Circuit affirmed this Court's decision to abstain from exercising jurisdiction over Counts I and II under *Colorado River* and held that this Court "did not abuse its discretion in finding Willson's state and federal cases involved substantially the same issues, because his federal claims will require a determination of whether the Florida court's judgment was correct." *Willson v. Bank of America, N.A.*, 684 F. App'x 897, 900 (11th Cir. 2017). The Eleventh Circuit went on to state that "[t]his finding was not clearly erroneous and was based on a correct application of law." *Id.* The mandate was issued on May 9, 2017. (DE 105).

Nearly two years after the Court's Abstention Order, Defendant filed a Motion to Lift Stay (DE 106) on February 2, 2018, representing that while this matter was stayed, Florida's Fourth District Court of Appeal denied Plaintiff's appeal and affirmed per curiam the rulings of the Foreclosure Court on November 22, 2017. (DE 106 at 3, Ex. A). The Florida appellate court then denied Plaintiff's motion for issuance of a written opinion and for rehearing on January 10, 2018 (*id.*, Ex. B), and issued its mandate on January 26, 2018 (*id.*, Ex. C). Pursuant to the Parties' agreement, I lifted the stay on April 6, 2018 (DE 109) and ordered the Parties to file a Joint Scheduling Report ("Report"), which the Parties did on April 13, 2018. (DE 110). Based on the Report, I set trial in this matter for the two-week period beginning September 4, 2018. In addition, pursuant to the Parties' request, I set a briefing schedule for Plaintiff's anticipated Motion for Reconsideration and Defendant's anticipated Motion for Abstention, the instant Motions addressed in this Order.

## II.    **MOTION TO RECONSIDER**

### a.    **Background**

In the Motion to Reconsider, Plaintiff argues that the Summary Judgment Order should be vacated as to the Court's grant of summary judgment for Defendant on Counts IV, V, and VI. (DE 114).  In the Amended Complaint, Plaintiff brought Counts IV, V, and VI against Defendant for violations of 12 C.F.R. § 1024.35(e), a part of Regulation X, which was promulgated by the Consumer Financial Protection Bureau pursuant to RESPA.  "RESPA is a consumer protection statute that imposes a duty on servicers of mortgage loans to acknowledge and respond to inquiries from borrowers." *Bivens v. Bank of Am., N.A.*, 868 F.3d 915, 918 (11th Cir. 2017). Section 1024.35 "requir[es] a loan servicer to respond to a notice from a borrower identifying an error in the servicing of his mortgage loan." *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1005 (11th Cir. 2016).

In Counts IV, V, and VI, Plaintiff alleged that Defendant violated RESPA's Regulation X when Plaintiff sent Defendant two notices of error to which Defendant allegedly failed to properly respond, in violation of 12 C.F.R. 1024.35(b)(10) and (11).  (Compl. ¶¶ 134-162).

In the summary judgment briefing, Defendant argued that § 1024.35 did not provide a private right of action for these claims.  (DE 52 at 17).  Plaintiff responded by arguing that since § 1024.35 was promulgated under RESPA, and RESPA provides a private right of action under 12 U.S.C. § 2605(f), Plaintiff could bring claims for violations of § 1024.35.  (DE 56 at 17).  In the Summary Judgment Order, I noted that [w]hile § 2605 generally provides a private right of action for RESPA violations, . . . § 1024.35 does not." (DE 72 at 16).  I distinguished § 1024.35, which does not have any express language creating a private right of action, from another part of Regulation X, § 1024.41, which does.  (*Id.*).  Absent such language in § 1024.35, I concluded

that § 1024.35 did not provide for a private right of action and granted summary judgment for Defendant as to Counts IV, V, and VI on that basis.

> b. **Discussion**

In the Motion to Reconsider, Plaintiff argues that in a decision subsequent to the Summary Judgment Order, the Eleventh Circuit ruled that a borrower can bring a claim for violations of § 1024.35. (DE 114 at 2 (citing *Lage*, 839 F.3d at 1007)). Thus, Plaintiff argues, since "there has been a change in controlling law," I must reconsider and vacate my order granting Defendant summary judgment on Counts IV, V, and VI. (*Id.*).

In *Lage*, the Eleventh Circuit discussed § 1024.35(a) and (e), which provide that, with a few exceptions, "the servicer must either correct the errors the borrower identified [in a written notice of error related to the servicing of the borrower's mortgage loan] and notify the borrower in writing or, after a reasonable investigation, notify the borrower in writing that it has determined no error occurred and explain the basis for its decision." *Lage*, 839 F.3d at 1007. The court then goes on to state that "[i]f the servicer fails to respond adequately to the borrower's notice of error, then the borrower has a private right of action to sue the servicer under RESPA." *Id.* (citing 12 U.S.C. § 2605(e)(2), (f)). Plaintiff argues that *Lage* stands in direct opposition to this Court's grant of summary judgment for Defendant on Plaintiff's § 1024.35 claims since the order was based on the notion that the regulation did not provide for a private right of action. (DE 114 at 3-4). Plaintiff also cites to other courts in this District that have relied on *Lage* in rejecting a defendant's argument that § 1024.35 does not provide a private right of action. (*Id.*); *see, e.g., Rios v. Rushmore Loan Mgmt. Servs., LLC*, No. 16-81973, 2017 WL 3130442, at *3 (S.D. Fla. July 24, 2017) (citing *Lage* and finding that "[t]he plain language of the Regulation" provides borrowers with a private right of action).

In response, Defendant attacks each case cited by Plaintiff.  In doing so, Defendant's primary argument is that none of the cases Plaintiff cites state that § 1024.35 itself provides a private right of action; instead, they all say that a borrower can bring an action under § 2605 of RESPA for violations of § 1024.35.  Defendant points out that in *Lage*, the Eleventh Circuit cited to § 2605 in holding that the borrower can sue for violations of § 1024.35, and does not find a private right of action in § 1024.35 itself.  Defendant continues that since Plaintiff's Amended Complaint brings Counts IV, V, and VI based on 12 C.F.R. § 1024.25(e), and does not mention § 2605 of RESPA, "it would be improper to read into the amended complaint what it does not say: that Counts IV through VI are based on section 2605."  (DE 115 at 4).

Although Defendant is technically correct in that Counts IV through VI, neither the title nor the new allegations contained within each count expressly mention § 2605, I decline to adopt such a technical reading of Plaintiff's Amended Complaint.  Defendant seems to disregard the first paragraph in each of those three counts, whereby Plaintiff incorporates all of the "allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein." (Compl. ¶¶ 134, 150).  Although Plaintiff does not expressly cite to RESPA in any count, Plaintiff alleges that: (1) "this action arises under . . . [RESPA] (*Id.* ¶ 6); (2) "[t]his action is specifically filed to enforce regulations . . . specifically, 12 C.F.R. §§ 1024.35, 1024.36, and 1024.41 of Regulation X (*Id.* ¶ 7); (3) "Plaintiff is asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X . . ." (*Id.* ¶ 15); and, most importantly, (4) "Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches . . ." (*Id.* ¶ 16).  Thus, there can be no doubt that Plaintiff's claims for violations of § 1024.35 are brought based on RESPA's § 2605(f) private right of action.  In *Lage*,

the Eleventh Circuit clearly holds that a borrower has a private right of action against a servicer under § 2605 for violations of § 1024.35.

Having established that the basis on which I granted summary judgment for Defendants on Counts IV through VI is contrary to subsequently-decided Eleventh Circuit precedent, I must now consider whether it would be proper to reconsider the Summary Judgment Order, entered more than two years ago. Plaintiff points out that I never entered final judgment on the claims adjudicated in the Summary Judgment Order and cites to Rule 54(b) for the proposition that the order can be amended to vacate the entry of summary judgment. (DE 114 at 2 (citing Fed. R. Civ. P. 54(b)). Rule 54(b) states in relevant part that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims* and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). Additionally, "[c]ourts may grant a Motion for Reconsideration when there [is] '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 2012 WL 12877650, at *1 (S.D. Fla. Oct. 19, 2012) (Middlebrooks, J.) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).

Here, the Eleventh Circuit's express holding that a borrower has a private right of action for violations of § 1024.35 under § 2605 of RESPA, contrary to this Court's earlier-decided Summary Judgment Order, constitutes "an intervening change in controlling law." Declining reconsideration of the Summary Judgment Order in the face of clear precedent would constitute manifest injustice to Plaintiff. Moreover, as final judgment as to all claims has not yet been

entered, Rule 54(b) gives me the authority to revise the Summary Judgment Order "at any time." Accordingly, I vacate the grant of summary judgment for Defendant on Counts IV, V, and VI.

## III.   **MOTION FOR ABSTENTION**

### a.   **Background**

In the Motion for Abstention, Defendant moves the Court to abstain from exercising jurisdiction over Counts I and II because the issues underlying those claims were already litigated and decided in Defendant's favor in the state court proceeding, and therefore Plaintiff cannot litigate claims based on those issues here.[2] Count I brings a claim for a violation of 12 C.F.R. § 1024.41(b)(2), which states that if a servicer receives a loss mitigation application forty-five days or more before a foreclosure sale, the servicer must (1) promptly review the application for completion and notify the borrower within five days of receipt, and (2) notify the borrower if the application is incomplete with guidance as to what documents were required to complete the application. 12 C.F.R. § 1024.41(b)(2). Count II asserts a claim for a violation of 12 C.F.R. § 1024.41(g), which prohibits a servicer from moving for foreclosure judgment or order of sale, or from conducting a foreclosure sale, with some exceptions, "[i]f a borrower submits a complete loss mitigation application after a servicer had made the first notice or filing . . . for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale." 12 C.F.R. § 1024.41(g).

In the Abstention Order, I abstained from exercising jurisdiction over Counts I and II based on *Colorado River* and stayed this matter pending final resolution of the concurrent state

---

[2] Defendant also moves the Court to dismiss this action. However, this request was presumably based on the fact that at the time Defendant filed the Motion for Abstention, Counts I and II were the only counts remaining in this suit. Because this order vacates summary judgment for Defendant on Counts IV through VI, those counts are still properly at issue in this suit, and therefore dismissal is not appropriate. Accordingly, I will construe Defendant's Motion for Abstention as seeking to abstain from exercising jurisdiction and to dismiss Counts I and II only.

court action that involved the same parties and issues – namely whether "Defendant improperly moved for foreclosure judgment in violation of RESPA." (DE 97 at 5, 6, 11 (citing *Timothy Willson v. Bank of America*, 4D15-552 (Fla. 4th DCA 2015)). In so finding, I relied on the fact that after the Foreclosure Court issued a final judgment of foreclosure against Plaintiff on January 12, 2015, Plaintiff moved for rehearing and trial in part on the basis that "Defendant violated RESPA for moving to foreclosure judgment." (DE 97 at 5-6); (DE 113-3 at 1, 6). In Plaintiff's motion for rehearing before the Foreclosure Court, Plaintiff claimed that Defendant violated RESPA when Defendant still moved for final foreclosure judgment after receiving Plaintiff's loan-modification application well in advance of the foreclosure trial, and when Defendant did not timely respond to the loan-modification application in the November 4, 2014 email. (DE 113-3 at 6).

Plaintiff's motion for rehearing was denied on January 28, 2015. (DE 113-5 at 8). In the denial, the Foreclosure Court wrote that "the motion contains no basis for a rehearing, evidentiary hearing or stay . . . and there are no new facts alleged in the motion that would change the Court's prior ruling." (*Id.*). At the time of my Abstention Order, Plaintiff was "currently appealing the foreclosure judgment and denial of the Motion for Rehearing." (DE 97 at 5). As those same issues formed the basis for Plaintiff's claims in Counts I and II, I stayed this action pending the adjudication of Plaintiff's appeal.

After the Abstention Order, Plaintiff decided to appeal adverse orders from this Court and the Foreclosure Court. Plaintiff appealed the Abstention Order to the Eleventh Circuit, which affirmed this Court's abstention and held that this Court "did not abuse its discretion in finding Willson's state and federal cases involved substantially the same issues, because *his federal claims will require a determination of whether the Florida court's judgment was correct.*"

9

*Willson*, 684 F. App'x at 900 (emphasis added). The Eleventh Circuit went on to state that "[t]his finding was not clearly erroneous and was based on a correct application of law." *Id.* As relevant to the instant Motion for Abstention, the Eleventh Circuit held that this Court "correctly found the RESPA claim [in Counts I and II] was premised on Bank of America proceeding with the foreclosure trial despite Willson's pending loan-modification application," rebuffing Plaintiff's argument that "the RESPA issue was not squarely before the Florida court at the foreclosure trial." *Id.* at 901.

At the state level, after a long delay from when Plaintiff filed his Notice of Appeal of the Foreclosure Court's foreclosure judgment and denial of motion for rehearing on February 12, 2015, Plaintiff filed its initial brief with Florida's Fourth District Court of Appeal on June 9, 2017. (DE 113-6). However, for whatever reason, Plaintiff did not raise as an issue on appeal that the Foreclosure Court's denial of his motion for rehearing was improper because Defendant obtained the foreclosure judgment while his loan-modification application was pending, in violation of RESPA. (DE 113-6). The state appellate court affirmed per curiam the Foreclosure Court's rulings on November 22, 2017. (DE 113-7). Plaintiff moved for issuance of a written opinion, rehearing, and for rehearing en banc (DE 113-8), which was denied (DE 113-9). The appellate court's mandate issued on January 26, 2018 (DE 113-10).

Defendant moves the Court to abstain from exercising jurisdiction and to dismiss with prejudice Counts I and II based on several bases, including the Full Faith and Credit Act, collateral estoppel, forfeiture of claims, and *Colorado River* abstention.

b. **Discussion**

"Collateral estoppel refers to the concept of 'issue preclusion,' whereby the re-litigation of an issue that has been previously litigated and decided is precluded." *Irvin v. U.S.*, 335 F.

App'x 821, 822 (11th Cir. 2009). "Federal courts may be collaterally estopped on a matter by state courts, due to the comity required by the Full Faith and Credit Act." *Villeda Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399, 2007 WL 3054986, at *2 (S.D. Fla. Oct. 16, 2007), *aff'd sub nom.*, 578 F.3d 1283 (11th Cir. 2009) (citing 17 U.S.C. § 1783). "Wherever a state court decision would estop another state court, so too does that decision estop federal courts in that state." *Id.* (citing *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 519 (1986)).

"In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). "Collateral estoppel principles are applicable to a subsequent proceeding only if: 1) the identical issues were presented in a prior proceeding; 2) there was a full and fair opportunity to litigate the issues in the prior proceeding; 3) the issues in the prior litigation were a critical and necessary part of the prior determination; 4) the parties in the two proceedings were identical; and 5) the issues were actually litigated in the prior proceeding." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1078–79 (11th Cir. 2013) (quoting *Porter v. Saddlebrook Resorts, Inc.*, 679 So. 2d 1212, 1214-15 (Fla. 2d DCA 1996)). The prior proceeding need not merely "involve[] the same issues," but it also must be shown "that such issues were clearly adjudicated." *Seaboard Coast Line R. Co. v. Indus. Contracting Co.*, 260 So. 2d 860, 865 (Fla. 4th DCA 1972).

Additionally, "[a]bandoning in state court a parallel right granted in a federal forum forfeits the party's right to seek relief later in the federal forum." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982) (finding that defendant forfeited right to seek certain relief in federal court when it previously failed to pursue appeal on that basis in state court).

Here, Defendant correctly argues that the Full Faith and Credit Act requires this Court to consider whether any rulings of the Foreclosure Court and state appellate court have preclusive effect in this action. It is apparent that the principle of collateral estoppel precludes Plaintiff from relitigating an issue in this Court that was already finally determined in the state court proceeding. The Abstention Order, along with the Eleventh Circuit's affirmance of that order, determined that the issue at stake in this action – whether Defendant improperly proceeded with the foreclosure trial despite Plaintiff's pending loan-modification application, in violation of RESPA – was one of the same issues actually being litigated in the state court action. Plaintiff expressly moved for rehearing of the foreclosure judgment on that basis in a state court action that involved the *same parties* as are in this action. The Foreclosure Court then denied the motion for rehearing when it found that there was "no basis" for a rehearing and "no new facts alleged in the motion that would change the Court's prior ruling." (DE 113-5 at 8). Importantly, in so ruling, the Foreclosure Court necessarily considered and adjudicated the issue relevant to this action that Plaintiff expressly raised in this motion for rehearing. *See LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) (affirming district court's abstention under *Colorado River* and noted that after the state court adjudicated the same issue, "under the principles of issue preclusion, an earlier decision in one court may bind the parties in the other court"); *see also Dunn v. Noe*, No. 07-03559, 2009 WL 10696042, at *3 (N.D. Cal. Apr. 30, 2009) (dismissing claims based on same "primary right" that was already adjudicated in state court action under res judicata after having previously stayed action under *Colorado River*).

When Plaintiff appealed the Foreclosure Court's denial of his motion for rehearing, Plaintiff could have raised his RESPA argument that was adjudicated and rejected by the Foreclosure Court; however, Plaintiff declined to raise that argument. Plaintiff's failure to raise

12

the argument on appeal does not permit him to litigate the same issue in this Court; instead, by failing to raise the argument when Plaintiff had an opportunity to do so in state court, Plaintiff forfeited any right to seek relief based on that issue in this Court. *See Haydu*, 675 F.2d at 1173. The Florida appellate court's affirmance of the foreclosure judgment finally adjudicated the issue of whether Defendant properly proceeded with the foreclosure trial and judgment.

Significantly, in his response to the Motion for Abstention, Plaintiff devotes the entirety of his response to the appropriateness of abstaining from this action under the *Colorado River* doctrine. (DE 116). As Defendant points out in its reply, this Court's decision to abstain based on *Colorado River* was expressly affirmed by the Eleventh Circuit on appeal, including specifically with regard to the similarity of the issue before the state court and underlying Counts I and II. *Willson*, 684 F. App'x at 900-01. I see no reason to reconsider that ruling. Plaintiff makes no effort to respond to Defendant's argument on collateral estoppel. By failing to do so, Plaintiff does not dispute that the issue on which this Court previously (and properly) stayed this action under the *Colorado River* abstention doctrine was actually litigated and determined before the Foreclosure Court, and then abandoned on appeal in the state court action. Thus, Plaintiff's claims under Counts I and II are dismissed with prejudice based on collateral estoppel. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) Plaintiff Timothy Willson's Motion to Reconsider (DE 114) is **GRANTED**. The Summary Judgment Order (DE 72) is **VACATED IN PART**. The award of summary judgment for Defendant as to Counts IV, V, and VI is vacated for reasons stated in this Order.

13

(2) Defendant Bank of America, N.A.'s Motion for Abstention (DE 113) is **GRANTED**.

Counts I and II are **DISMISSED WITH PREJUDICE**.

(3) The Clerk of Court shall **ADMINISTRATIVELY RE-OPEN** this case.[3]

(4) The Parties are reminded that the Calendar Call in this matter is scheduled for **August 29, 2018 at 1:15 p.m.**, and that trial on the remaining claims in this action (Counts IV, V, and VI) is scheduled for the two-week period beginning **September 4, 2018, at 9:00 a.m.**,

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida on this _26_ day of July, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[3] This matter should have been administratively re-opened pursuant to the Court's Order Lifting Stay (DE 109), but inadvertently was not.

14