## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DISTRICT AT CINCINNATI

KRISTEN BECKER f.k.a. KRISTEN
STITSINGER
8509 Forest Valley Dr.,
Cincinnati, Ohio 45247,

     and

FREDERICK STITSINGER
1285 Morman Rd.,
Hamilton, Ohio 45013,

             Plaintiffs,

   -vs-

PENNYMAC LOAN SERVICES, LLC,
s/a CT Corporation System,
1300 East Ninth Street,
Cleveland, Ohio 44114,

       Defendant.

Case No.  20-cv-00346 (DRC)
Judge Douglas R. Cole

**ANSWER TO COMPLAINT**

PennyMac Loan Services, LLC (hereinafter "PLS"), by and through its attorneys, Blank Rome LLP, responds to the allegations in Plaintiffs Kristen Becker f/k/a Kristen Stitsinger and Frederick Sitsinger ("Plaintiffs") Complaint (hereinafter the "Complaint"), filed on April 30, 2020 [Docket No. 1] as follows:

### AS TO WHY PLAINTIFFS ARE BRINGING THIS CASE

1.     Paragraph 1 of Plaintiffs' Complaint contains no allegations to which a response is required, and PLS respectfully refers all issue of law and fact to the Court.  To the extent a response is required, PLS denies the allegations.

1

## AS TO PARTIES, JURISDICTION, AND VENUE

2.      PLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore leaves Plaintiffs to their proofs.

3.      The allegations contained in paragraph 3 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 3 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits it is the servicer of Plaintiffs' Loan (as defined in the Complaint).

4.      PLS admits non-party Federal Home Loan Mortgage Corporation is the investor of the Loan.

5.      The allegations contained in paragraph 5 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

6.      The allegations contained in paragraph 6 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

7.      The allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO SUMMARY OF CLAIMS

8.      The allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

9.      The allegations contained in paragraph 9 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

10.     The allegations contained in paragraph 10 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

11.     The allegations contained in paragraph 11 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

12.     The allegations contained in paragraph 12 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

13.     The allegations contained in paragraph 13 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

14.     Paragraph 14 of Plaintiffs' Complaint contains no allegations to which a response is required, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies Paragraph 14 of Plaintiffs' Complaint and leaves Plaintiffs to their proofs.

15.     The allegations contained in paragraph 15 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies Paragraph 15 of Plaintiffs' Complaint and leaves Plaintiffs' to their proofs.

16.     The allegations contained in paragraph 16 of the Complaint state a legal conclusion to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies Paragraph 16 of Plaintiffs' Complaint and leaves Plaintiffs to their proofs.

## AS TO FACTUAL BACKGROUND

17.     The allegations contained in paragraph 17 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 17 are

denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

18.     PLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore leaves Plaintiffs to their proofs.

19.     The allegations contained in paragraph 19 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 19 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

20.     PLS denies the allegations contained in paragraph 20 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs.

21.     The allegations contained in paragraph 21 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 21 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

22.     The allegations contained in paragraph 22 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 22 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

23.     The allegations contained in paragraph 23 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 23 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

4

24.     The allegations contained in paragraph 24 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 24 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits that on January 7, 2016, PLS made a payment in the amount of $552.40 for county taxes, and leaves Plaintiffs to their proofs.

25.     The allegations contained in paragraph 25 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 25 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits that on February 17, 2016, PLS sent Plaintiffs an escrow refund in the amount of $1,964.48, and leaves Plaintiffs to their proofs.

26.     The allegations contained in paragraph 26 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 26 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits that on May 24, 2016, PLS made a payment in the amount of $526.87 for county taxes, and leaves Plaintiffs to their proofs.

27.     The allegations contained in paragraph 27 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 27 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS

admits that on January 9, 2017, PLS made a payment in the amount of $554.79 for county taxes, and leaves Plaintiffs to their proofs.

28.    The allegations contained in paragraph 28 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 28 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits that on February 15, 2017, PLS sent Plaintiffs an escrow refund in the amount of $1,848.67, and leaves Plaintiffs to their proofs.

29.    The allegations contained in paragraph 29 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 29 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

30.    The allegations contained in paragraph 30 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 30 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits that on May 18, 2017, PLS made a payment in the amount of $2,819.35 for county taxes, and leaves Plaintiffs to their proofs.

31.    The allegations contained in paragraph 31 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 31 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS

admits that on May 18, 2017, PLS made a payment in the amount of $2,290.09, and leaves Plaintiffs to their proofs.

32.     PLS denies the allegations contained in paragraph 32 of the Complaint as stated, and leaves Plaintiffs to their proofs.

33.     The allegations contained in paragraph 33 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 33 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

34.     The allegations contained in paragraph 34 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 34 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies it did not timely send the Escrow Account Disclosure Statement, and leaves Plaintiffs to their proofs.

35.     The allegations contained in paragraph 35 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 35 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

36.     The allegations contained in paragraph 36 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 36 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS

denies the allegations contained in paragraph 36 of the Complaint, and leaves Plaintiffs to their proofs.

37.     PLS denies the allegations contained in paragraph 37 of the Complaint, and leaves Plaintiffs to their proofs.

38.     The allegations contained in paragraph 38 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 38 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS admits on March 27, 2018, Plaintiffs made a payment in the amount of $1,760.00, and, on July 11, 2018, Plaintiffs made a payment in the amount of $2,000.00, but denies that PLS improperly placed Plaintiffs into a two-month delinquency, and leaves Plaintiffs to their proofs.

39.     The allegations contained in paragraph 39 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 39 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

40.     The allegations contained in paragraph 40 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 40 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

41.     The allegations contained in paragraph 41 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 41 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

42.     The allegations contained in paragraph 42 of Plaintiffs' Complaint reference a telephone call between Plaintiffs and PLS, and therefore, the allegations contained in paragraph 42 are denied as stated to the extent they attempt to summarize or characterize the conversation, and PLS respectfully refers all issues of law and fact to the Court.

43.     PLS admits Plaintiffs made a payment to PLS on August 10, 2018, and leaves Plaintiffs to their proofs.

44.     The allegations contained in paragraph 44 of Plaintiffs' Complaint reference a telephone call between Plaintiffs and PLS, and therefore, the allegations contained in paragraph 44 are denied as stated to the extent they attempt to summarize or characterize the conversation, and PLS respectfully refers all issues of law and fact to the Court.

45.     The allegations contained in paragraph 45 of Plaintiffs' Complaint reference a telephone call between Plaintiffs and PLS, and therefore, the allegations contained in paragraph 45 are denied as stated to the extent they attempt to summarize or characterize the conversation, and PLS respectfully refers all issues of law and fact to the Court.

46.     The allegations contained in paragraph 46 of Plaintiffs' Complaint reference a telephone call between Plaintiffs and PLS, and therefore, the allegations contained in paragraph 46 are denied as stated to the extent they attempt to summarize or characterize the telephone call, and PLS respectfully refers all issues of law and fact to the Court.

47.     The allegations contained in paragraph 47 of Plaintiffs' Complaint reference a telephone call between Plaintiffs and PLS, and therefore, the allegations contained in paragraph 47 are denied as stated to the extent they attempt to summarize or characterize the conversation, and PLS respectfully refers all issues of law and fact to the Court.

48.     The allegations contained in paragraph 48 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 48 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

49.     The allegations contained in paragraph 49 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 49 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

50.     The allegations contained in paragraph 50 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 50 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

51.     The allegations contained in paragraph 51 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 51 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

52.     The allegations contained in paragraph 52 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 52 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies any statements made to Becker on August 31, 2018 were false, and leaves Plaintiffs to their proofs.

53.    The allegations contained in paragraph 53 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 53 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

54.    The allegations contained in paragraph 54 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 54 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

55.    The allegations contained in paragraph 55 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 55 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

56.    The allegations contained in paragraph 56 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 56 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

57.    The allegations contained in paragraph 57 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 57 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

58.    The allegations contained in paragraph 58 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 58 are

denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO IMPACT AND DAMAGES TO PLAINTIFFS

59.     PLS denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     The allegations contained in paragraph 60 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 60 of the Complaint, and leaves Plaintiffs to their proofs

61.     PLS denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     PLS admits it received Plaintiffs' April 2018 payment on March 27, 2018, denies the remaining allegations contained in paragraph 62 of Plaintiffs' Complaint, and leaves Plaintiffs to their proofs.

63.     The allegations contained in paragraph 63 of Plaintiffs' Complaint reference a telephone call between Plaintiffs and PLS, and therefore, the allegations contained in paragraph 63 are denied as stated to the extent they attempt to summarize or characterize the conversation, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies it provided Becker with "conflicting and incomplete information," and leaves Plaintiffs to their proofs.

64.     The allegations contained in paragraph 64 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

65.     The allegations contained in paragraph 65 of the Complaint, and each sub-part therein, state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies Becker has

12

suffered actual damages and that any purported damages were directly and proximately caused by PLS, and leaves Plaintiffs to their proofs.

66.     The allegations contained in paragraph 66 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies Stitsinger suffered damages or that Stitsinger's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

67.     The allegations contained in paragraph 67 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY PENNYMAC

68.     The allegations contained in paragraph 68 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

69.     The allegations contained in paragraph 69 of Plaintiffs' Complaint reference documents which speak for themselves, and therefore, the allegations contained in paragraph 69 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

70.     The allegations contained in paragraph 70 of Plaintiffs' Complaint reference documents which speak for themselves, and therefore, the allegations contained in paragraph 70 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

71.     The allegations contained in paragraph 71 of Plaintiffs' Complaint reference documents which speak for themselves, and therefore, the allegations contained in paragraph 71 are denied as stated to the extent they attempt to summarize or characterize the documents, and PLS respectfully refers all issues of law and fact to the Court.

**AS TO COUNT ONE: ON BEHALF OF BECKER ONLY**
**Violations of RESPA, 12 C.F.R. § 1024.35(e) and 12 U.S.C. § 2605(k)**

72.     Paragraph 72 of the Complaint incorporates by reference the allegations of the foregoing paragraphs of the Complaint.  PLS repeats and incorporates by reference its responses to the foregoing paragraphs of the Complaint.

73.     The allegations contained in paragraph 73 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

74.     The allegations contained in paragraph 74 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

75.     The allegations contained in paragraph 75 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

76.     The allegations contained in paragraph 76 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

77.     The allegations contained in paragraph 77 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

78.     The allegations contained in paragraph 78 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

79.     The allegations contained in paragraph 79 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

80.     The allegations contained in paragraph 80 of the Complaint, and each subpart therein, state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

81.     The allegations contained in paragraph 81 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 81 are

14

denied as stated to the extent they attempt to summarize or characterize the document, and PLS respectfully refers all issues of law and fact to the Court.

82.     The allegations contained in paragraph 82 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. Further, the allegations in paragraph 82 of the Complaint reference a document which speaks for itself, and therefore, the allegations in paragraph 82 are denied as stated to the extent they attempt to summarize or characterize the document, and PLS respectfully refers all issues of law and fact to the Court.   To the extent a response is required, PLS denies it did not perform a reasonable investigation into the errors asserted by the NOE, and leaves Plaintiffs to their proofs.

83.     The allegations contained in paragraph 83 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the Response contained "false statements and/or misrepresentations," and leaves Plaintiffs to their proofs.

84.     The allegations contained in paragraph 84 of the Complaint, and each subpart therein, state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies Becker suffered actual damages or that any purported damages were caused by PLS, and leaves Plaintiffs to their proofs.

85.     The allegations contained in paragraph 85 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 85 of the Complaint, and PLS respectfully refers all issues of law and fact to the Court.

86.     The allegations contained in paragraph 86 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 86 of the Complaint, and PLS respectfully refers all issues of law and fact to the Court.

87.     The allegations contained in paragraph 87 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 87 of the Complaint, and PLS respectfully refers all issues of law and fact to the Court.

88.     The allegations contained in paragraph 88 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies that Plaintiffs are entitled to relief on Count One, if any, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO COUNT TWO: ON BEHALF OF ALL PLAINTIFFS
### Breach of Contract

89.     Paragraph 89 of the Complaint incorporates by reference the allegations of the foregoing paragraphs of the Complaint.  PLS repeats and incorporates by reference its responses to the foregoing paragraphs of the Complaint.

90.     The allegations contained in paragraph 90 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 90 are denied as stated to the extent they attempt to summarize or characterize the document.  Further, the allegations contained in paragraph 90 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

91.     The allegations contained in paragraph 91 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 91 are

denied as stated to the extent they attempt to summarize or characterize the document, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies that any funds were not properly applied to the Loan, and leaves Plaintiffs to their proofs.

92.    The allegations contained in paragraph 92 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 92 and PLS respectfully refers all issues of law and fact to the Court.

93.    The allegations contained in paragraph 93 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 93 and PLS respectfully refers all issues of law and fact to the Court.

94.    The allegations contained in paragraph 94 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 94 and PLS respectfully refers all issues of law and fact to the Court.

95.    The allegations contained in paragraph 95 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 95 and PLS respectfully refers all issues of law and fact to the Court.

96.    The allegations contained in paragraph 96 of the Complaint, and each subpart therein, state legal conclusions to which no response is required.  To the extent a response is required, PLS denies the allegations contained in paragraph 96 and PLS respectfully refers all issues of law and fact to the Court.

97.    The allegations contained in paragraph 97 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 97 and PLS respectfully refers all issues of law and fact to the Court.

17

98.     The allegations contained in paragraph 98 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies that Plaintiffs are entitled to relief on Count Two, if any, and PLS respectfully refers all issues of law and fact to the Court.

**AS TO COUNT THREE: ON BEHALF OF ALL PLAINTIFFS**
**Violations of the CSPA, R.C. 1345.01, *et seq.***

99.     Paragraph 99 of the Complaint incorporates by reference the allegations of the foregoing paragraphs of the Complaint.  PLS repeats and incorporates by reference its responses to the foregoing paragraphs of the Complaint.

100.     The allegations contained in paragraph 100 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

101.     The allegations contained in paragraph 101 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

102.     The allegations contained in paragraph 102 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 102 are denied as stated to the extent they attempt to summarize or characterize the document.  Further, the allegations contained in paragraph 102 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

103.     The allegations contained in paragraph 103 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

104.     The allegations contained in paragraph 104 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

105.     The allegations contained in paragraph 105 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

106.    The allegations contained in paragraph 106 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

107.    The allegations contained in paragraph 107 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

108.    The allegations contained in paragraph 108 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

109.    The allegations contained in paragraph 109 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

110.    The allegations contained in paragraph 110 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

111.    The allegations contained in paragraph 111 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 111 and PLS respectfully refers all issues of law and fact to the Court.

112.    The allegations contained in paragraph 112 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 112 and PLS respectfully refers all issues of law and fact to the Court.

113.    The allegations contained in paragraph 113 of the Complaint, and each subpart therein, state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies that Becker suffered actual damages or that Becker's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

19

114.    The allegations contained in paragraph 114 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies Stitsinger suffered damages or that Stitsinger's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

115.    The allegations contained in paragraph 115 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies that Plaintiffs are entitled to relief on Count Three, if any, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO COUNT FOUR: ON BEHALF OF ALL PLAINTIFFS
### Violations of the RMLA, R.C. 1322.40.

116.    Paragraph 116 of the Complaint incorporates by reference the allegations of the foregoing paragraphs of the Complaint.  PLS repeats and incorporates by reference its responses to the foregoing paragraphs of the Complaint.

117.    The allegations contained in paragraph 117 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

118.    The allegations contained in paragraph 118 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 118 are denied as stated to the extent they attempt to summarize or characterize the document.  Further, the allegations contained in paragraph 118 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

119.    The allegations contained in paragraph 119 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

120.    The allegations contained in paragraph 120 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

20

Further, the allegations contained in paragraph 120 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 120 are denied as stated to the extent they attempt to summarize or characterize the document, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations in paragraph 120 of the Complaint, and leaves Plaintiffs to their proofs.

121.    The allegations contained in paragraph 121 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 121 and PLS respectfully refers all issues of law and fact to the Court.

122.    The allegations contained in paragraph 122 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, PLS denies the allegations contained in paragraph 122 of the Complaint, and PLS respectfully refers all issues of law and fact to the Court.

123.    The allegations contained in paragraph 123 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, PLS denies the allegations contained in paragraph 123 of the Complaint, and PLS respectfully refers all issues of law and fact to the Court.

124.    The allegations contained in paragraph 124 of the Complaint, and each subpart therein, state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies that Becker suffered actual damages or that Becker's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

125.    The allegations contained in paragraph 125 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies Stitsinger suffered damages or that Stitsinger's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

126.    The allegations contained in paragraph 126 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies that Plaintiffs are entitled to relief on Count Four, if any, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO COUNT FIVE: ON BEHALF OF ALL PLAINTIFFS
### Violations of the RMLA, R.C. 1322.45

127.    Paragraph 127 of the Complaint incorporates by reference the allegations of the foregoing paragraphs of the Complaint.  PLS repeats and incorporates by reference its responses to the foregoing paragraphs of the Complaint.

128.    The allegations contained in paragraph 128 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

129.    The allegations contained in paragraph 129 of Plaintiffs' Complaint reference a document which speaks for itself, and therefore, the allegations contained in paragraph 129 are denied as stated to the extent they attempt to summarize or characterize the document.  Further, the allegations contained in paragraph 129 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

130.    The allegations contained in paragraph 130 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

131.    The allegations contained in paragraph 131 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.

22

132.     The allegations contained in paragraph 132 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 132 and PLS respectfully refers all issues of law and fact to the Court.

133.     The allegations contained in paragraph 133 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies the allegations contained in paragraph 133 and PLS respectfully refers all issues of law and fact to the Court.

134.     The allegations contained in paragraph 134 of the Complaint, and each subpart therein, state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court.  To the extent a response is required, PLS denies that Becker suffered actual damages or that Becker's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

135.     The allegations contained in paragraph 135 of the Complaint state legal conclusions to which no response is required, and PLS respectfully refers all issues of law and fact to the Court. To the extent a response is required, PLS denies Stitsinger suffered damages or that Stitsinger's purported damages were the result of PLS's actions, and leaves Plaintiffs to their proofs.

136.     The allegations contained in paragraph 136 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, PLS denies that Plaintiffs are entitled to relief on Count Five, if any, and PLS respectfully refers all issues of law and fact to the Court.

## AS TO PRAYER FOR RELIEF

137.   PLS denies that Plaintiffs may recover any of the requested relief in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs' Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted. against PLS.

2.   Plaintiffs breached the terms of the Note and Mortgage.

3.   Plaintiffs failed to make full and complete payments when due under the Loan.  *See* **Exhibit A**.

4.   PLS timely provided Plaintiffs with Annual Escrow Account Reviews, and thus, timely notified Plaintiffs of any increases or decreases in their monthly payments, as well as the escrow account balance projections.  *See* **Exhibit B**.

5. The conduct of PLS at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against PLS is barred.

6.   The allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit as against PLS.  Plaintiffs have brought this action against PLS in bad faith.

7.   One or more defenses are founded upon documentary evidence.

8.   Plaintiffs are barred from maintaining the Complaint and each purported cause of action alleged therein against PLS as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

9.      Plaintiffs have suffered no actual or concrete damages.

10.     Plaintiffs lack standing to maintain this action.

11.     Plaintiffs' Complaint, and each cause of action contained therein, or portions thereof, are barred by all the applicable statute of limitations.

12.     Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided because Plaintiffs failed to take reasonable steps to mitigate any purported damages with respect to the matters alleged in the Complaint.

13.     PLS contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiffs.  PLS also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiffs.

14.     Plaintiffs' claims against PLS are barred in whole or in part by the doctrines of waiver, laches, ratification and/or estoppel.

15.     Plaintiffs' damages, which PLS expressly denies, are due to their own affirmative, wrongful, improper, unreasonable, fraudulent, illegal and inequitable conduct, breaches of duty, lack of diligence, poor judgment, misconduct or omissions, which bar Plaintiffs from recovering any such damages, in whole or in part, or alternatively, requires that any such damages recoverable by Plaintiffs must be diminished to the extent of Plaintiffs' own culpable conduct.

16.     At all relevant times, PLS's alleged conduct was in good faith and complied with the rules and regulations of, and the statutes administered by the official department, division, commission and/or agency of the United States as such rules, regulations or statutes are interpreted by such department, division, commission or agency or the courts.

25

17.    Plaintiffs' claims and damages, which are expressly denied, are barred, in whole or in part, because their alleged damages, if any, which are expressly denied, are too speculative, uncertain, derivative, indirect and/or remote.

18.    Plaintiffs have failed to plead their claims with requisite particularity, or state in detail the alleged wrongs upon which Plaintiffs' Complaint is based.

19.    Plaintiffs are barred from making their claims based on their own conduct and/or wrongdoing.

20.    Plaintiffs are not entitled to punitive damages as a matter of law.

21.    No private cause of action exists under Section 1024.35(e) of Regulation X.

22.    PLS performed a reasonable investigation into Plaintiffs' Qualified Written Request under RESPA.

23.    PLS timely responded to Plaintiffs' Notice of Error.

24.    PLS sufficiently responded to Plaintiffs' Notice of Error.

25.    PLS is not a "supplier" under the OSCPA and therefore is not subject to the OSCPA and cannot be held liable thereunder.

26.    PLS is not an "assignee" under the OSCPA and therefore is not subject to the OSCPA and cannot be held liable thereunder.

27.    No private cause of action exists under the RMLA for mortgage servicing activities.

28.    PLS is not a "nonbank mortgage lender" under the RMLA and therefore is not subject to the RMLA and cannot be held liable thereunder.

29.    If there was a violation of the RMLA, which PLS denies, any acts done or omitted were in good faith in conformity with applicable rules, regulations and/or reasonable interpretations thereof.

26

30.     Plaintiffs' claims are barred, in whole, or in part, because any alleged wrongful conduct by PLS, which PLS denies, was unintentional and resulted from a *bona fide* error.[1]

31.     Plaintiffs' claims are barred by the statute of frauds.

32.     Plaintiffs' claims are barred by the parol evidence rule.

33.     The foregoing affirmative defenses are raised by PLS without waiver of any other defenses that may develop during the course of discovery and PLS reserves its right to amend and/or supplement this Answer to assert such additional defenses as they become available.

WHEREFORE, PLS respectfully requests that the Court issue an Order dismissing Plaintiffs' Complaint, granting judgment in PLS's favor upon the allegations of the Complaint in this action, and granting such other and further relief as is just, proper and necessary.

Dated: February 15, 2022                              Respectfully submitted,

                                                     */s/ Sarah A. Wilson*
                                                     Sarah A. Wilson (0083816)
                                                     John R. Wirthlin (0031526)
                                                     BLANK ROME, LLP
                                                     1700 PNC Center
                                                     201 East Fifth Street
                                                     Cincinnati, Ohio 45202
                                                     Tel: (513) 362-8748
                                                     Fax: (513) 362-8777
                                                     Email: sarah.wilson@blankrome.com
                                                          john.wirthlin@blankrome.com
                                                     *Counsel for Defendant PennyMac Loan
                                                     Services, LLC*

---

[1] PLS's assertion of this affirmative defense shall not be construed as an admission of any error, which PLS denies.

## **CERTIFICATE OF SERVICE**

I certify that an exact copy of the foregoing document was electronically filed on February 15, 2022 and the following were electronically notified via the Court's ECF system:

Michael A. Smith, Jr.          notices@dannlaw.com

Marc E. Dann          notices@dannlaw.com

Brian D. Flick          notices@dannlaw.com

Daniel M. Solar          notices@dannlaw.com

/s/ Sarah A. Wilson
Sarah A. Wilson

28